■ In the Matter of DAVID CORBIN, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment of the Supreme Court, New York County (Israel Rubin, J.), entered on October 13, 1988, which granted respondent's motion pursuant to CPLR 3211 and 7804 dismissing the CPLR article 78 petition, is unanimously affirmed, without costs or disbursements.

In 1988, petitioner was involved in an altercation with an individual who was likely a representative of his landlord, regarding which an unidentified complainant called the police. Petitioner thereafter made three requests under the Freedom of Information Law (Public Officers Law § 84 *et seq.).* The first of these pertained to unspecified 1987 events, apparently unrelated to the 1988 incident, which were identified only as having occurred during a span of 5½ months. The first demand was denied on the ground that the dates of the incidents in question were not reasonably indicated. The second was declined as duplicative of the first. The first denial occurred more than four months prior to the date that the article 78 proceeding was instituted, while the second took place within four months of the commencement of the proceeding. The third request identified the 1988 incident with specificity but was declined, in part, because of concerns about the privacy and safety of the complainant. However, subsequent to the commencement of the article 78 proceeding, respondent decided to release to petitioner the documents in question, redacting all information identifying the complainant. Additional documents were identified and released following the perfection of this appeal.

To the extent that the proceeding challenged the denial of the first request, it was time barred (CPLR 217). Moreover, the IAS court properly refused to consider the challenge to the second denial on the same ground, as this demand apparently constituted nothing more than an effort to obtain reconsideration of the prior request without any change in circumstances *(see, Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal,* 137 Misc 2d 484). In responding to the third request, respondent appropriately excised identifying details relating to the complainant out of concern for his or her privacy and safety *(Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 582). Since there is no indication that all of the responsive documents located by the respondent have not yet been provided other than petitioner's unsupported speculation to the contrary, the remainder of the challenge was also properly dismissed *(see, Matter of Moore v*

*Santucci,* 151 AD2d 677). We have reviewed petitioner's remaining contentions and find that petitioner lacks standing to raise them *(Matter of Allen v Strojnowski,* 129 AD2d 700, *appeal dismissed* 70 NY2d 871). Concur—Milonas, J. P., Ellerin, Wallach and Kassal, JJ.