■ In the Matter of RICARDO A. DI ROSE, Appellant, v CITY OF BINGHAMTON POLICE DEPARTMENT, Respondent. [639 NYS2d 580] —Mikoll, J. P.

Petitioner commenced this CPLR article 78 proceeding to compel respondent to comply with his requests under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) for copies of certain arrest reports, complaints, informations and police-blotter records concerning two different individuals. Following an in camera inspection of the requested records by Supreme Court, the court determined that certain of these items could be disclosed and provided copies of those documents to petitioner. Petitioner subsequently moved for, *inter alia*, reconsideration of Supreme Court's deci-

sion. Upon considering the merits of petitioner's arguments, Supreme Court adhered to its original position on the FOIL requests. Petitioner now appeals.

There must be an affirmance. We have examined petitioner's arguments challenging Supreme Court's determination of his FOIL requests and find them to be unpersuasive. Petitioner's contention that respondent did not satisfactorily justify an exemption from full disclosure is unavailing. Further, petitioner offers nothing more than speculation and conjecture to support his claims that respondent did not provide all the information in its possession to Supreme Court (*see, Matter of Corbin v Ward,* 160 AD2d 596, *lv denied* 76 NY2d 706). Moreover, although petitioner criticizes Supreme Court's failure to turn over documents concerning the individual named in his second request, the court was correct in declining to turn over any document that did not fit within the time period petitioner specifically listed in his request. Finally, we conclude that the court did not abuse its discretion in declining to reopen the case for the purpose of indexing or itemizing the records that the court reviewed.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.