■ In the Matter of EDWARD VANDENBURG, Appellant, v LAURIE M. WAGNER, as Records Access Officer of the State Police, et al., Respondents. [704 NYS2d 739] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 22, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for, *inter alia*, failure to exhaust administrative remedies.

Petitioner is an inmate in a State correctional facility as a result of a conviction for burglary in the second degree as well

as other crimes. On February 24, 1998, he made a formal request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for certain documents obtained and prepared by the State Police in connection with the burglary. In response, respondent Laurie M. Wagner, the Records Access Officer for the Division of State Police, forwarded petitioner a redacted copy of the investigation report relating to his arrest together with an explanation for the redaction. Wagner further advised petitioner that "[a] search of our files failed to locate any additional records responsive to your request." Interpreting Wagner's response as a denial of his request, petitioner appealed to the Records Appeal Officer of the Division of State Police. His appeal was denied by respondent Bruce M. Arnold, an Assistant Deputy Superintendent of the State Police, who again advised him that "[a] search of our files failed to locate any other records other than those which were previously sent to you."

Petitioner commenced this CPLR article 78 proceeding challenging the failure to provide him with all the documents requested. Respondents moved to dismiss the petition claiming that petitioner failed to exhaust his administrative remedies with respect to the redacted investigation report and that they were not in possession of any of the other documents requested. Supreme Court granted respondents' motion and dismissed the petition. This appeal ensued.

Petitioner does not take issue with the redaction of the investigation report but only with respondents' failure to provide him with all of the documents listed in his FOIL request. We note that the FOIL exemptions referred to in Wagner's letter were mentioned in the context of an explanation for the redaction of the investigation report and not as authority for the failure to supply petitioner with other documents. Respondents advised petitioner upon initially responding to his request and in connection with his appeal that, except for the documents provided, no other records relevant to his request could be located. Respondents reiterated this information in their attorney's affidavit in support of their motion to dismiss. In view of this, we conclude that petitioner received an adequate response to his FOIL request (*see, Matter of Scott v Shepard*, 231 AD2d 759, 760, *lv denied* 89 NY2d 858; *see also, Matter of Partee v Bennett*, 253 AD2d 950). Therefore, Supreme Court properly dismissed the petition.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.