OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, the order of Supreme Court, New York County reinstated and the certified question answered in the negative.
Pursuant to the Freedom of Information Law (Public Officers Law art 6 [FOIL]), petitioner, a prison inmate, submitted a request to the New York City Police Department for certain specified documents relating to his conviction for second degree murder. The Records Access Officer acknowledged receipt of petitioner’s letter and informed him that the FOIL request required approximately 120 days to process. After receiving no substantive response within the estimated time, petitioner filed an administrative appeal claiming that his request had been constructively denied. Having received no response from the Records Appeals Officer within a month, petitioner commenced this CPLR article 78 proceeding challenging what he deemed to be the constructive denial of his FOIL request.
Following the commencement of this proceeding, the Record Appeals Officer granted the administrative appeal to the extent of directing the Records Access Officer to expedite production of the requested documents. Weeks later, the Police Department advised petitioner that several documents would be produced but that, after conducting a search, the Department could not locate other documents. The Department further informed petitioner that it was still searching for ballistic lab reports and “working on the accessibility of the remaining documents” in his FOIL request.
The Police Department next cross-moved in the CPLR article 78 proceeding to dismiss the petition as moot. Counsel to the Police Department submitted an affirmation in support of its claim stating that despite a “thorough and diligent search,” certain documents could not be found, and that with the exception of lab reports, petitioner had “been provided with all documents responsive to his requests * * * in the custody and control of the Police Department.” Supreme Court dismissed the petition as moot on condition that the Department notify petitioner within 60 days of the status of the search for the remaining lab reports.
*875 The Appellate Division reversed and reinstated the petition, holding that the Police Department did not sufficiently certify that it had conducted a diligent search for the missing records because the Department attorney’s affirmation was made without direct knowledge of the alleged search effort, and that both the affirmation and the form letter from the Police Department lacked requisite detail for the court to determine whether the Police Department had actually conducted a diligent search. We now reverse.
When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to “certify that it does not have possession of [a requested] record or that such record cannot be found after diligent search.” The statute does not specify the manner in which an agency must certify that documents cannot be located. Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required. Here, the Department satisfied the certification requirement by averring that all responsive documents had been disclosed and that it had conducted a diligent search for the documents it could not locate (Matter of Gould v New York City Police Dept., 89 NY2d 267, 279). To the extent that some courts have held to the contrary, those decisions are not to be followed (see, e.g., Matter of Key v Hynes, 205 AD2d 779; Matter of Bellamy v New York City Police Dept., 272 AD2d 120; Matter of Sanders v Bratton, 278 AD2d 10).
Because the presumed failure of the Police Department to respond to the instant FOIL request had been rectified, this CPLR article 78 proceeding to compel disclosure was properly dismissed as moot.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
Order reversed, etc.