■ In the Matter of VICTOR SOWELL, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [739 NYS2d 142] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 7, 2000, granting the cross motion of respondent New York City Police Department (NYPD) to dismiss, as moot, petitioner's CPLR article 78 petition, which had sought to compel the NYPD to comply with his Freedom of Information Law (FOIL) request for documents, unanimously reversed, on the law and the facts, without costs, the cross motion denied, and the petition granted to the extent of directing respondent to supply to petitioner forthwith the documents in its possession responsive to his FOIL request.

Petitioner's FOIL request of July 13, 1999 sought numerous documents in connection with his arrest on January 28, 1987 for criminal possession of a weapon in the third degree and in connection with his arrest on February 3, 1987 for murder in the second degree. Specifically, petitioner sought the police activity logs and memo book entries of 10 detectives, five police officers and two sergeants, as well as the investigation reports and DD-5's prepared by any person who investigated this case. Ultimately, following petitioner's commencement of the underlying proceeding, the NYPD responded by letter dated April 14, 2000 indicating that it had accessed one arrest report, one on-line booking report, one complaint report, and one 16-page complaint follow-up, which documents would be provided upon petitioner's payment of $5. It further indicated that the Department had been unable to locate the remaining requested

logs and minute book entries. While protesting the limited nature of the Department's response to his request, petitioner forwarded a check for $5 to the NYPD with a letter dated April 24, 2000.

By notice of cross motion dated May 8, 2000, the NYPD moved to dismiss the petition as moot, because the petitioner had been provided with access to the records that he had been seeking. However, in his response to the cross motion, petitioner indicated that he still had not received even the 20 pages of documents the Department had agreed to provide. Further, not all of the documents that he requested were referenced in the NYPD's April 14th FOIL response.

Petitioner's argument is valid insofar as he argues that the petition is not moot, since the NYPD has failed to demonstrate that it in fact provided petitioner with the records responsive to his FOIL request (compare, Matter of Tellier v New York City Police Dept., 267 AD2d 9, 10). However, we reject his contention that respondent failed to properly certify either that it did not have the records which it claimed were not in its possession or that it had conducted a diligent search for the records. His reliance on Matter of Bellamy v New York City Police Dept. (272 AD2d 120) is misplaced, in view of Matter of Rattley v New York City Police Dept. (96 NY2d 873). The Court of Appeals there held that Public Officers Law § 89 (3) "does not specify the manner in which an agency must certify that documents cannot be located. Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (id. at 875). Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.