■ In the Matter of MICHAEL DE FABRITIS, Appellant, v JAMES McMAHON, as Superintendent of the New York State Police, Respondent. [754 NYS2d 117] —Spain, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered February 19, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

Pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), petitioner wrote a letter to respondent on June 8, 2001 seeking "[a]ll records, reports, investigative statement [*sic*], log book and note book entries, files, analysis, Crime Scene records, Statements, Miranda Warning Card, Sprint, 911 Files, Investigative follow-ups, notifications, pedigree information, booking reports, and other disclosable files" in connection with investigations pertaining to allegations of harassment of his ex-girlfriend which ultimately resulted in convictions of two counts of criminal contempt in the first degree (for which he is currently incarcerated). Respondent initially denied the request on the ground that its records could not be searched based on an indictment number. Petitioner thereafter furnished respondent with more details, including the offenses charged, corresponding dates of indictments and the name of the reported victim. In response, respondent advised petitioner that these records are exempt from disclosure on the grounds that disclosure would endanger lives and constitute an unwarranted invasion of the personal privacy of others. Following the denial of his

administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging respondent's denial of his FOIL request.

After reviewing the records submitted by respondent for in camera review—namely, three State Police arrest reports and two State Police investigation reports, one of which included a supporting deposition from the victim, a receipt form for two New York vehicle license plates and a police vehicle impoundment and inventory record for petitioner's van—Supreme Court dismissed the petition. The court stated that it had been provided with all the records which were in respondent's possession and responsive to petitioner's request, and determined that those materials provided were shielded from disclosure by Public Officers Law § 87 (2) (f), which exempts materials which "if disclosed would endanger the life or safety of any person," and by Public Officers Law § 87 (2) (b), which prohibits disclosure under circumstances that would constitute an "unwarranted invasion of personal privacy" (see Matter of Dobranski v Houper, 154 AD2d 736, 737). Based on the foregoing, the court concluded that respondent had a reasonable basis to deny the FOIL request.

On appeal, petitioner does not challenge Supreme Court's determination that the records provided by respondent for in camera inspection were exempt from disclosure, but contends only that respondent failed to provide the court with all the documents it possessed which would be responsive to his FOIL request (see Matter of Vandenburg v Wagner, 270 AD2d 672, 673). Specifically, he claims that a number of the documents requested contained only his personal information—such as booking reports and pedigree information reports—which would not fall under either exception determined to be applicable to the arrest reports and investigation reports produced for in camera inspection.

"When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to 'certify that it does not have possession of [a requested] record or that such record cannot be found after diligent search'" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875). We are cognizant that "[t]he statute does not specify the manner in which an agency must certify that documents cannot be located [and that] [n]either a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (id. at 875). We are likewise aware that, here, Supreme Court referred in its opinion to an assertion by respondent that all the mate-

rial pertinent to petitioner's FOIL request had been provided for the court's review. However, we are unable to determine if respondent fulfilled its obligation in this regard because the record lacks any evidence of a statement or certification by respondent that all records had been provided or that a diligent search had been conducted.

In denying petitioner's request, respondent simply advised petitioner that "the records you seek are records which, if disclosed would endanger the life and safety of others [and] constitute an unwarranted invasion of the personal privacy of others concerned." The affirmation of respondent's counsel merely states that "[t]here are three State Police reports that are responsive to petitioner's request." This statement, on its face, does not represent that all pertinent documents have been provided to the court; indeed, it even fails to mention all of the documents that were actually turned over for inspection by the court. Accordingly, we are unable to find that respondent provided the requisite certification that it has no other materials in its possession which would be responsive to petitioner's request (*cf. Matter of Rattley v New York City Police Dept.*, *supra* at 874-875; *Matter of Vandenburg v Wagner*, *supra* at 673; *Matter of Wood v Ellison*, 196 AD2d 933, 933).

We do not agree with petitioner that it is impossible that the reports which were turned over to Supreme Court constitute respondent's entire file on this matter given that the records petitioner seeks—to the extent they exist—may instead be in the possession of the Ulster County District Attorney or local police departments. Indeed, such unsupported speculation that records have been withheld is an insufficient basis upon which to grant the petition (*see Matter of Di Rose v City of Binghamton Police Dept.*, 225 AD2d 959, 960; *Matter of Wood v Ellison*, *supra* at 933; *Matter of Corbin v Ward*, 160 AD2d 596, 596-597, *lv denied* 76 NY2d 706). Nevertheless, because respondent was obligated to certify that it had no other applicable documents in its possession and failed to do so on this record, we remit the matter to Supreme Court for a determination of whether respondent has any other documents in its possession which are responsive to petitioner's FOIL request.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that judgment is reversed, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.