*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 28, 2016                    520316
_____

In the Matter of DESMOND
    DeFREITAS,
                        Appellant,

        v                                      MEMORANDUM AND ORDER

NEW YORK STATE POLICE CRIME
    LAB,
                        Respondent.
_____

Calendar Date:   June 2, 2016

Before:   McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                        _____


        Desmond DeFreitas, Dannemora, appellant pro se.

                        _____


Aarons, J.

        Appeal from an order and judgment of the Supreme Court
(McGrath, J.), entered October 21, 2014 in Albany County, which,
in a proceeding pursuant to CPLR article 78, granted respondent's
motion to dismiss the petition.

        Pursuant to the Freedom of Information Law (see Public
Officers Law art 6 [hereinafter FOIL]), petitioner, a prison
inmate, submitted a written request to respondent on April 4,
2014 for documents associated with DNA testing relating to his
convictions for which he is imprisoned (see People v DeFreitas,
116 AD3d 1078, 1078-1079 [2014], lv denied 24 NY3d 960 [2014]).
After receiving no response from the Record Access Officer,
petitioner filed an administrative appeal claiming that his
request had been constructively denied.  After petitioner's
administrative appeal went unanswered, he commenced this CPLR
article 78 proceeding seeking to compel a response from

respondent.  Following the commencement of this proceeding, respondent advised petitioner that 1,356 pages of records responsive to his request would be sent to him upon payment of the statutory copying fee (see Public Officers Law § 87 [1] [b] [iii]).  Petitioner was further advised that a diligent search failed to find records related to his request for documentation concerning "Corrective Action for Discrepancies and Errors" and "Error Rates" and that the remaining records sought were exempt from disclosure because such records were compiled for law enforcement purposes and disclosure thereof would interfere with then-ongoing judicial proceedings (see Public Officers Law § 87 [2] [e] [i]).  Respondent moved to dismiss the CPLR article 78 petition on the basis that it was moot in light of its response to petitioner's request.  Supreme Court granted respondent's motion, prompting this appeal by petitioner.  We affirm.

Initially, respondent concedes, and we agree, that the exception in Public Officers Law § 87 (2) (e) (i) no longer applies because petitioner's criminal proceedings and judicial review have concluded (see Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]; Matter of Pittari v Pirro, 258 AD2d 202, 206-207 [1999], lv denied 94 NY2d 755 [1999]).  To that end, respondent has advised petitioner that it would review and release any remaining records covered by his request subject to redaction under Civil Rights Law § 50-b and payment of the statutory copying fee (see Public Officers Law § 87 [1] [b] [iii]).  Accordingly, we conclude that petitioner's challenge to respondent's withholding of documents compiled for law enforcement purposes that were previously exempted from disclosure is moot (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; Matter of Saxton v New York State Dept. of Taxation & Fin., 107 AD3d 1104, 1105 [2013]).

Turning to the balance of petitioner's documentary requests, we disagree with petitioner that Supreme Court erred in dismissing his petition as moot.  Where a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties (see Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of Scott v Shepard, 231 AD2d

759, 760 [1996], lv denied 89 NY2d 858 [1996]; Matter of Davidson v Police Dept. of City of N.Y., 197 AD2d 466, 466 [1993]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-715 [1980]).  As relevant here, "[w]hen an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to certify that it does not have possession of a requested record or that such record cannot be found after diligent search" (Matter of De Fabritis v McMahon, 301 AD2d 892, 893 [2003] [internal quotation marks, brackets and citation omitted]; see Matter of Rattley v New York City Police Dept., 96 NY2d at 875).

Here, respondent advised petitioner in writing that records matching portions of his request had been found and would be sent to him after he paid the statutory copying fee and that a diligent search of respondent's files failed to uncover records related to documentation of corrective action for discrepancies and errors and error rates.  Respondent was therefore not required to disclose such records after it adequately certified that such records could not be found after a diligent search (see Public Officers Law § 89 [3]; Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of Taylor v New York City Police Dept. FOIL Unit, 25 AD3d 347, 347 [2006], lv denied 7 NY3d 714 [2006]; Matter of Partee v Bennett, 253 AD2d 950, 950 [1998]; compare Matter of De Fabritis v McMahon, 301 AD2d at 894), and petitioner has failed to support his speculation that such documentation exists (see Matter of De Fabritis v McMahon, 301 AD2d at 894; Matter of Di Rose v City of Binghamton Police Dept., 225 AD2d 959, 960 [1996]).  As such, the written response to petitioner's FOIL request rectified respondent's prior failure to respond, and Supreme Court properly found this proceeding to be moot (see Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of Davidson v Police Dept. of City of New York, 197 AD2d at 467).  Petitioner's remaining contentions have been considered and found to be without merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court