Clark, J.
Appeal from a judgment of the Supreme Court (Young, J.), entered September 28, 2015 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of the State Police partially denying petitioner’s Freedom of Information Law request.
Petitioner is an inmate in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS). In July 2014, petitioner filed three grievances, alleging that he was improperly designated as a central monitoring case (hereinafter CMC) — a discretionary designation given to certain inmates by DOCCS to identify them for “special evaluation” and to track their movements throughout the correctional system (see Dept of Corr & Community Supervision Directive No. 701 § I) — and that his requests for production of a certain document contained in his inmate file and to review his institutional records were wrongfully denied. During the same period of time, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to the State Police, seeking records concerning the forensic evidence recovered from the bodies of three victims during the investigation of his criminal matter. The State Police granted petitioner’s request regarding one victim, but denied petitioner’s request as to the other two victims, a female and a male, on the grounds that a diligent search failed to *1431 uncover records related to the male victim and that disclosure of the records related to the female victim would reveal nonroutine criminal investigative techniques and procedures (see Public Officers Law § 87 [2] [e] [iv]) and would constitute an unwarranted invasion of the privacy of “others concerned” (see Public Officers Law § 87 [2] [b]). Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his grievances and FOIL requests. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.
Turning first to petitioner’s challenge to his CMC designation, “[a] petitioner must exhaust all . . . administrative remedies before seeking judicial review unless he or she is challenging an agency’s action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm” (Matter of Santiago v Boll, 130 AD3d 1336, 1336 [2015] [internal quotation marks and citation omitted]; accord Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310 [2016]; see Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied 568 US —, 133 S Ct 1502 [2013]). Pursuant to a DOCCS directive, an inmate who has been designated as a CMC may appeal such designation at any time during his or her incarceration by first appealing to DOCCS’s Office of the Inspector General and, if unsuccessful, appealing to DOCCS’s Counsel (see Dept of Corr & Community Supervision Directive No. 701 § VI). Here, the record reveals that petitioner did not appeal his CMC designation in accordance with the procedures set forth under Directive No. 701. Nor is there any evidence in the record to substantiate petitioner’s assertion that his ability to file an appeal in accordance with the directive was hindered. Even assuming, as petitioner contends, that an appeal had been properly filed with the Office of the Inspector General, the part of this proceeding challenging the CMC designation would still be premature, inasmuch as no final determination of the administrative appeal has been issued (see Matter of Santiago v Boll, 130 AD3d at 1337; Matter of Kelly v Selsky, 51 AD3d 1298, 1298 [2008]). As such, Supreme Court properly dismissed petitioner’s challenge to his CMC designation on the basis that he failed to exhaust his administrative remedies.
We further find that petitioner’s FOIL request for records concerning the male victim was properly denied. “When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to ‘certify that it does not have possession of [a requested] record *1432 or that such record cannot be found after diligent search’ ” (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001], quoting Public Officers Law § 89 [3]; accord Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016]). Here, the State Police satisfied the certification requirement by advising petitioner in writing that the requested records concerning the male victim could not be found after a diligent search, and, therefore, the State Police was not required to disclose such records (see Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d at 1044-1045; compare Matter of De Fabritis v McMahon, 301 AD2d 892, 893-894 [2003]). Petitioner’s contention that the unavailability of the records was caused by the misconduct of an employee of the State Police is unpreserved for our review and, in any event, is not supported by any evidence.
However, we agree with petitioner that the State Police failed to establish that the requested records relating to the female victim were exempt from disclosure. “Under FOIL, all government records are presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)” (Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1169 [2016] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1392 [2016]; Matter of Johnson v Annucci, 138 AD3d 1361, 1362 [2016], lv denied 27 NY3d 911 [2016]). “These exemptions are construed narrowly and the burden rests on the public agency to demonstrate that the material requested falls squarely within the ambit of one of the statutory exemptions” (Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d at 1169 [internal quotation marks, brackets and citations omitted]; see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 657 [2012]; Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d at 1392). “Notably, blanket exemptions for particular types of documents are inimical to FOIL’S policy of open government, and the agency must articulate a particularized and specific justification for denying access to the requested documents” (Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d at 1392 [internal quotation marks, brackets and citations omitted]; see Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]).
As relevant here, Public Officers Law § 87 (2) (e) (iv) permits *1433 an agency to deny disclosure if the requested records or portions thereof “are compiled for law enforcement purposes!,] . . . which, if disclosed, would . . . reveal criminal investigative techniques or procedures” that are not routine. Additionally, Public Officers Law § 87 (2) (b) permits an agency to deny access to records or portions thereof if disclosure “would constitute an unwarranted invasion of personal privacy.” The personal privacy exemption incorporates a nonexhaustive list of categories of information that the Legislature has determined would constitute unwarranted invasions of personal privacy if disclosed (see Public Officers Law § 89 [2] [b]). In the absence of any proof establishing the applicability of any enumerated categories, the determination of whether disclosure of the information sought constitutes an unwarranted privacy invasion requires a “balancing [of] the privacy interests at stake against the public interest in disclosure of the information” (Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380 [2012] [internal quotation marks and citation omitted]; see Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d at 1170; Matter of Massaro v New York State Thruway Auth., 111 AD3d 1001, 1002 [2013]).
Here, the State Police failed to sustain its burden of demonstrating that the requested records concerning the female victim fell within either asserted exemption. The State Police merely paraphrased the statutory language of the exemptions without describing the records withheld or providing any factual basis for its conclusory assertions that disclosure would constitute an unwarranted invasion of personal privacy and would reveal nonroutine criminal investigative techniques and procedures (see Matter of Capital Newspapers Div. of the Hearst Corp. v City of Albany, 15 NY3d 759, 761 [2010]; Matter of Rose v Albany County Dist. Attorney’s Off., 111 AD3d 1123, 1126 [2013]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]; compare Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [2009], lv denied 12 NY3d 712 [2009]). Further, with respect to the personal privacy exemption, the State Police offered no proof that the requested records fell into any enumerated categories and failed to specify the implicated privacy interests, if any, against which the public interest in disclosing the records were to be balanced (see Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d at 1170).
Moreover, Public Officers Law § 89 (2) (a) expressly permits an agency to delete “identifying details” from records that it makes available to the public in order to prevent unwarranted *1434 invasions of personal privacy (Public Officers Law § 89 [2] [a]), and the State Police failed to make any showing as to whether the requested documents could be redacted in such a manner as to protect personal privacy (see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d at 1393; Matter of Applegate v Fischer, 89 AD3d 1303, 1304 [2011]). Nor did it submit the documents to Supreme Court for an in camera review to allow an “informed determination” by the court on that issue (Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d at 1393; see Matter of Gould v New York City Police Dept., 89 NY2d at 275; Matter of Miller v New York State Dept. of Transp., 58 AD3d at 983). Similarly, the State Police failed to demonstrate that the requested records should be excluded in their entirety under the exemption for nonroutine criminal investigative techniques and procedures and were not subject to redaction (see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [2011]). Under these circumstances, the matter must be remitted to Supreme Court for an in camera review of the records sought by petitioner with respect to the female victim so that it can determine whether the records contain information exempt from disclosure and, if so, whether such exempt information can be redacted to prevent an unwarranted invasion of personal privacy and the revelation of nonroutine criminal investigative techniques and procedures (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d at 1393; Matter of Rose v Albany County Dist. Attorney’s Off., 111 AD3d at 1126). Petitioner’s remaining contentions, to the extent that they are properly before this Court, have been examined and found to be without merit.
Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that the requested records concerning the female victim were exempt from disclosure pursuant to Public Officers Law § 87 (2) (b) and (e) (iv); matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.