Matter of Wright v Woodard (2018 NY Slip Op 01104)





Matter of Wright v Woodard


2018 NY Slip Op 01104


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

521325

[*1]In the Matter of GLASCO WRIGHT, Appellant,
v
NALA R. WOODARD, as Albany City Clerk, et al., Respondents.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Glasco Wright, Elmira, appellant pro se.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Platkin, J.), entered March 12, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Albany City Clerk partially denying petitioner's Freedom of Information Law requests.
In January 2014, petitioner, an inmate, filed three requests pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking to obtain certain documents related to his arrest in 1988. After receiving no response to his requests and administrative appeal, petitioner commenced this CPLR article 78 proceeding in March 2014. In May 2014, his FOIL requests were partially granted, in that he was provided the arrest report, his fingerprint card and mug shot photos. His requests were denied to the extent that the other
requested documents either never existed or could not be located. Supreme Court thereafter deemed the petition moot to the extent that it referred to the documents that petitioner was provided and determined that respondent Albany City Clerk had otherwise complied with FOIL, and therefore dismissed the petition. Petitioner now appeals.
We affirm. "When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to 'certify that it does not have possession of [a requested] record or that such record cannot be found after diligent search'" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001], quoting Public Officers Law § 89 (3); accord Matter of McFadden v Fonda, 148 AD3d 1430, 1431-1432 [2017]). With regard to the records at issue, respondent Michael Bintz, the custodian of records of the City of Albany Police Department, averred in an affidavit that the Department does not create or maintain certain [*2]records sought by petitioner. The custodian further averred that, although the Department does create and maintain property clerk invoice records and log book entries for evidence received, any such records concerning petitioner could not be located after a diligent search. There is no reason to believe that this account was inaccurate and, thus, the FOIL certification requirements were satisfied and Supreme Court properly dismissed the petition (see Matter of McFadden v Fonda, 148 AD3d at 1432; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044-1045 [2016]). The claims raised by petitioner on appeal relating to the propriety of his arrest are not properly before us.
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.