Matter of Jackson v Albany County Dist. Attorney's Off. (2019 NY Slip Op 07657)





Matter of Jackson v Albany County Dist. Attorney's Off.


2019 NY Slip Op 07657


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527134

[*1]In the Matter of Gregory Jackson, Appellant,
v
Albany County District Attorney's Office, Respondent.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Gregory Jackson, Fishkill, appellant pro se.
Daniel C. Lynch, County Attorney, Albany (Tracy Murphy of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (O'Connor, J.), entered August 2, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law requests.
Petitioner made numerous requests to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for copies from the negatives of crime scene photographs related to his criminal case. Having received no response, which was deemed a constructive denial (see Public Officers Law § 89 [4] [a]), petitioner eventually commenced this CPLR article 78 proceeding seeking to compel respondent to produce the photographs. Given the undisputed factual history surrounding petitioner's FOIL requests and respondent's acknowledgment that the requests went unanswered, Supreme Court held that it was disingenuous for respondent to argue that petitioner failed to exhaust his administrative remedies. Nevertheless, the court dismissed the petition based on a certification that the requested records could not be located. Petitioner appeals.
We affirm. "When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to 'certify that it does not have possession of a requested record or that such record cannot be found after diligent search.' The statute does not specify the manner in which an agency must certify that documents cannot be located. Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001] [brackets omitted], quoting Public Officers Law § 89 [3] [a]; accord Matter of McFadden v Fonda, 148 AD3d 1430, 1431-1432 [2017]; Matter of De Fabritis v McMahon, 301 AD2d 892, 893 [2003]). Here, an Assistant District Attorney averred that part of his duties included reviewing requests for records, and he reviewed petitioner's requests for the photographs. Based on his personal knowledge from his review of the records maintained by respondent and from conversations with staff employed by the office that is responsible for maintaining respondent's archived records, he averred that, after a diligent search, no requested records were identified. He further averred that, if the records previously existed, they are either not maintained by, or cannot be found after a diligent search of, respondent's offices or the archived records. This certification satisfied respondent's obligation under Public Officers Law § 89 (3) (see Matter of Wright v Woodard, 158 AD3d 958, 958-959 [2018]; Matter of McFadden v Fonda, 148 AD3d at 1432; Matter of Curry v Nassau County Sheriff's Dept., 69 AD3d 622, 622 [2010], lv dismissed 14 NY3d 853 [2010]).
However, "even where an entity properly certifies that it was unable to locate requested documents after performing a diligent search, the person requesting the documents may nevertheless be entitled to a hearing on the issue where he or she can 'articulate a demonstrable factual basis to support the contention that the requested documents existed and were within the entity's control'" (Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 761 [2012] [brackets omitted], quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). Petitioner did not establish his entitlement to a hearing. Under FOIL, respondent is only required to provide copies of "any information kept, held, filed, produced or reproduced by, with or for [respondent]" (Public Officers Law § 86 [4]; see Public Officers Law § 87 [2]). Although petitioner submitted a police department property report that listed a roll of film, nothing in the record indicates that the roll of film or any photographs that may have been developed therefrom were ever in respondent's possession; for example, the film may have remained with the local police department (see Matter of Gould v New York City Police Dept., 89 NY2d at 279; Matter of De Fabritis v McMahon, 301 AD2d at 894; compare Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 761). As respondent adequately certified that no requested documents could be found after a diligent search, Supreme Court properly dismissed the petition (see Matter of Gould v New York City Police Dept., 89 NY2d at 279; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044-1045 [2016]).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.