Matter of Stengel v Vance (2021 NY Slip Op 01734)





Matter of Stengel v Vance


2021 NY Slip Op 01734


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 159740/18 Appeal No. 13411N Case No. 2020-00989 

[*1]In the Matter of Andrew M. Stengel, Petitioner-Appellant,
v
Cyrus Vance, Jr., etc., et al., Respondents-Respondents.


Bell Law PLLC, New York (Henry Bell of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (W. Franc Perry, J.), entered January 10, 2020, denying the petition to compel respondents to disclose records sought pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's FOIL request for "the list of police officers of any rank or law enforcement agency indicating . . . adverse credibility findings," "from January 1, 2017, to the present," was properly denied. The request asserted that the list was "maintained by" the New York County District Attorney's Office (DANY). However, in response to the request, DANY properly certified that it did not possess such a list (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]). FOIL generally does not require an agency to prepare records that it does not already possess or maintain (Public Officers Law § 89[3][a]).
Assuming without deciding that the spreadsheet maintained by DANY, as described in respondents' answer, constituted responsive records, it was properly withheld on the ground that it contained attorney work product, which is specifically exempted from disclosure by state statute (CPLR 3101[c]) and therefore exempt from FOIL (Public Officers Law § 87[2][a]; see Matter of Turner v Department of Fin. of City of N.Y., 242 AD2d 146, 148 [1st Dept 1998]). The spreadsheet cannot be redacted pursuant to FOIL, which permits redactions of records only under the personal privacy exemption (see Matter of Judicial Watch, Inc. v City of New York, 178 AD3d 540, 541 [1st Dept 2019]).
Respondents' arguments in this article 78 proceeding properly rely on the same grounds invoked by the agency at the administrative level (cf. Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017]).
Petitioner is not entitled to attorneys' fees and other litigation costs because he has not substantially prevailed. In any event, respondents had a reasonable basis for denying access to the records sought (Public Officers Law § 89[4][c][ii]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021