Matter of Jewish Press, Inc. v Kingsborough Community Coll. (2023 NY Slip Op 01164)

Matter of Jewish Press, Inc. v Kingsborough Community Coll.

2023 NY Slip Op 01164

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, JJ. 

Index No. 159039/19 Appeal No. 17463 Case No. 2022-01495 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
Kingsborough Community College etc., Respondent-Respondent.

Aron Law, PLLC, Brooklyn (Samuel C. Spirgel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.

Order, Supreme Court, New York County (Lisa Headley, J.), entered on or about March 17, 2022, which, insofar as appealed from as limited by the briefs, denied petitioner's motion for leave to renew its application for counsel fees and costs in accordance with Public Officers Law § 89(4)(c), unanimously affirmed, without costs.
In this Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90) proceeding, respondents sufficiently established that they did not, in fact, possess the employee complaint at issue on this appeal, and the new facts petitioner submitted in support of its renewal motion (CPLR 2221[e][2]) failed to establish that respondents "had no reasonable basis for denying access" to the requested document (Public Officers Law § 89[4][c][ii]); see Matter of Rattley v New York City Police Dept. , 96 NY2d 873, 875 [2001]). There is no indication that Kingsborough Community College (KCC), rather than the Law Department, possessed the complaint before the Law Department submitted a copy to petitioner. KCC, not the Law Department, was the subject of the FOIL request. No evidence indicates that the complaint, which the Law Department obtained through the federal Freedom of Information Act, was held for the benefit of KCC (compare Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 417-418 [1995]). As a result, the Law Department's possession of the document does not lead to a conclusion that the document should be considered a record for the purposes of production under FOIL.
We have considered petitioner's remaining contentions and find them unavailing. M-2023-00605 — The Jewish Press, Inc. v Kingsborough Community College, etc. Motion to take judicial notice of certain documents, denied.

 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: March 7, 2023