Matter of Pak v NYS Dept. of Motor Vehs. (2024 NY Slip Op 01964)

Matter of Pak v NYS Dept. of Motor Vehs.

2024 NY Slip Op 01964

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-23-0289
[*1]In the Matter of Dani C. Pak, Appellant,
v
NYS Department of Motor Vehicles, Respondent.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

The Law Offices of Zev Goldstein, PLLC, New City (Cory H. Morris of The Law Offices of Cory H. Morris, Melville, of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Susan M. Kushner, J.), entered January 24, 2023 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of respondent denying petitioner's Freedom of Information Law request.
In 2021, petitioner was arrested and charged with, among other things, driving while intoxicated. Petitioner refused to submit to a chemical test, and his driver's license was suspended pending a hearing. A hearing was initially scheduled for December 2021, but later adjourned. The next hearing was noticed for February 2022. Petitioner, however, did not appear at that time, and, as a consequence, an Administrative Law Judge revoked his license. Petitioner thereafter filed an administrative appeal, claiming that he did not receive notice of the February 2022 hearing. Petitioner also submitted a request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking documents related to the notification to petitioner of the second hearing. Petitioner did not receive a response thereto and filed an administrative appeal. Respondent advised petitioner that it never received his FOIL request because it was sent via email and was rejected as a security risk. Respondent further advised that, because no FOIL request was received, "there was no denial of access for which [a FOIL] appeal can be filed." Petitioner's FOIL appeal was thus dismissed. Respondent nonetheless forwarded petitioner's FOIL request to the FOIL office for handling. Respondent's FOIL office provided petitioner with, among other things, a copy of the notice for the February 2022 hearing. Petitioner was also informed that respondent did not possess records that demonstrated when the notice of hearing was sent and that, after a diligent search, no records existed in the applicable file indicating that any notice of hearing had been returned as undeliverable.
Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination revoking his driver's license on the ground that respondent failed to comply with FOIL. Following joinder of issue, Supreme Court, in a January 2023 judgment, dismissed the petition. Petitioner appeals.
As an initial matter, the parties do not dispute that respondent's determination to revoke petitioner's driver's license has since been vacated. Accordingly, as petitioner recognizes, the appeal is moot to the extent that he challenges respondent's revocation determination. Contrary to petitioner's assertion, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
As to the FOIL response, respondent satisfied the requirements of Public Officers Law § 89 (3) when it advised petitioner that it did not possess or maintain documents indicating when notices of hearing are mailed (see Matter of Rattley v New York City [*2]Police Dept., 96 NY2d 873, 875 [2001]; Matter of McFadden v Fonda, 148 AD3d 1430, 1431-1432 [3d Dept 2017]; Matter of Vandenburg v Wagner, 270 AD2d 672, 673 [3d Dept 2000]). Furthermore, petitioner failed to articulate a demonstrable factual basis that the requested documents did exist and, instead, relied on speculation and conjecture, which does not suffice to warrant a hearing (see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1045 [3d Dept 2016]). To the extent that petitioner argues that respondent should have disclosed metadata, petitioner's FOIL request, as Supreme Court found, cannot be reasonably read to include a request for such information (see Matter of Barry v O'Neill, 185 AD3d 503, 505-506 [1st Dept 2020]). Lastly, under the circumstances of this case, petitioner is not entitled to counsel fees (see Matter of Mineo v New York State Police, 119 AD3d 1140, 1141-1142 [3d Dept 2014], lv denied 24 NY3d 907 [2014]). Petitioner's remaining contentions are either unpreserved or unavailing.
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.