Matter of Stone v Montgomery County Bd. of Elections (2025 NY Slip Op 00131)

Matter of Stone v Montgomery County Bd. of Elections

2025 NY Slip Op 00131

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1644
[*1]In the Matter of Joseph Stone, Appellant,
v
Montgomery County Board of Elections et al., Respondents.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, McShan and Mackey, JJ.

James Ostrowski, Buffalo, for appellant.
Meghan M. Manion, County Attorney, Fonda, for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Rebecca A. Slezak, J.), entered July 28, 2023 in Montgomery County, which, among other things, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
After the 2020 Presidential Election, the state voter history report, which is part of a comprehensive database of all the state's registered voters (see 9 NYCRR 6217.1 [b]), allegedly did not include 503 voters who cast ballots in Montgomery County. Concerned that his and his wife's votes in the 2020 Presidential Election were not counted by respondents, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondents in August 2022 for "a text, comma, or tab delimited file, or a text-based report, listing, in the sequence processed by the county, every ballot, its sequential ID, its timestamp, its method of voting . . . , the specific votes contained for all races, and the batch ID and tabulator ID" for the 2020 general election. Petitioner was requesting a "per-ballot report," known as a " 'Cast Vote Record' " report (hereinafter CVR), " 'ballot log' " " 'or summary of ballots.' " A CVR report is a "compilation of voting data, broke[n] down by each individual ballot scanned[;] each CVR represents data contained on each individual ballot." Respondent Terrance J. Smith, the Montgomery County Board of Elections Republican Commissioner, denied the request, claiming respondents did not have the software to produce a CVR report. Petitioner administratively appealed, and respondent FOIL Officer (the County Executive) denied his request, writing that the requested records could not be disclosed and were exempt from FOIL disclosure. In response, petitioner brought this CPLR article 78 proceeding to compel the production of the requested records. Respondents moved to dismiss the petition, and Supreme Court granted the motion, agreeing with respondents' two bases for denying petitioner's request. Petitioner appeals.
"When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to certify that it does not have possession of a requested record or that such record cannot be found after diligent search" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001] [internal quotation marks and brackets omitted]; see Matter of DeWolf v Wirenius, 229 AD3d 931, 931 [3d Dept 2024]). While an agency must certify that it conducted a diligent search for such records, "[n]either a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (Matter of Rattley v New York City Police Dept., 96 NY2d at 875; see Matter of De Fabritis v McMahon, 301 AD2d 892, 893 [3d Dept 2003]). "However, even where an entity properly certifies that it was unable to locate requested documents after performing a diligent search, the person requesting the documents [*2]may nevertheless be entitled to a hearing on the issue where he or she can articulate a demonstrable factual basis to support the contention that the requested documents existed and were within the entity's control" (Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1421-1422 [3d Dept 2019] [internal quotation marks and citations omitted]).
As relevant here, after receiving petitioner's request for a CVR report, Smith stated that respondents "[did] not have nor have we ever had a reason to create a [CVR] . . . . The Democracy Suite version we have is 4.9 and does not have the option to create the report you are requesting." Subsequently, after petitioner commenced this proceeding, in support of respondents' CPLR 3211 (a) (7) motion to dismiss, respondents proffered affidavits of Smith and respondent Terry A. Bieniek, the Montgomery County Board of Elections Democratic Commissioner. In Bieniek's affidavit, he averred that he conducted a diligent search for the CVR and certified that respondents "[did] not have responsive records." Smith, in his affidavit, stated that, upon receiving petitioner's FOIL request, he conducted a "diligent search" and that the "current version of Dominion in New York, which is the software used by Montgomery County, is unable to create the [CVR] that was requested."[FN1] Smith went on to state that he "received an email from Dominion verifying that the current version is unable to create a [CVR] file." A copy of the email was attached to Smith's affidavit. In the email, the Senior Manager of Customer Success for Dominion Voting Systems confirmed that "the current version in [New York State] is unable to create the CVR file." Given the foregoing, respondents amply "satisfied the certification requirement by averring . . . that [they] had conducted a diligent search for the documents [they] could not locate" (Matter of Rattley v New York City Police Dept., 96 NY2d at 875; see Matter of Pak v NYS Dept. of Motor Vehicles, 226 AD3d 1193, 1194 [3d Dept 2024], lv denied 42 NY3d 907 [2024]; Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [3d Dept 2017]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044-1045 [3d Dept 2016]).
In response to respondents' motion to dismiss, petitioner proffered a reply affidavit in which he averred that he "belie[ved], in other states, [CVR] [r]ecords are available on the same vendor machines (Dominion) that Montgomery County uses." Petitioner also claimed that Smith "told [him] that [Smith's] deputy tried to run the [CVR] report and was prohibited due to lack of an administrative password." While petitioner claims that this statement is contradictory and mandates a hearing, even if true it only substantiates that respondents are unable to create a CVR report using their version of the software. In fact, as petitioner noted in his next paragraph, the lack of a necessary password would "prohibit[ ]" respondents from accessing the CVR report.[FN2] Respondents [*3]thereafter submitted, among other things, the supplemental affidavit of Thomas E. Connolly, the Director of Operations for the New York State Board of Elections. In his affidavit, Connolly averred that, "based on [his] personal knowledge in [his] capacity as Director of Operations, . . . [t]he Dominion Voting System in use in Montgomery County[,] New York as of the 2020 General Election currently cannot produce a CVR report." Attached to Connolly's affidavit is an email from another representative of Dominion Voting Systems, this time the Director of Sales, confirming that a CVR report could not be produced in the version of Dominion respondents were using. In response, petitioner proffered, among other things, affidavits from purported experts which, as Supreme Court noted in the decision on appeal, were irrelevant and speculative.[FN3] We agree.
Thus, upon a close review of the record, we find petitioner's assertion that Supreme Court erred by denying his request for a hearing unpersuasive. Petitioner's submissions were nothing other than mere "speculation and conjecture[, which] does not warrant a hearing or a rejection of [respondents'] sworn statements . . . [which were from] individuals with personal knowledge" of the software used in the 2020 election (Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020]; see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 973-974 [3d Dept 2022]). Accordingly, we discern no error in Supreme Court's granting of respondents' motion to dismiss without a hearing, and affirm on this ground. Given the foregoing, petitioner's remaining arguments are rendered academic.
Aarons, J.P., McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: A user manual proffered by respondents establishes that the Democracy Suite Election Management System Results Tally & Reporting is a product of Dominion Voting Systems.

Footnote 2: After these submissions, Supreme Court held oral argument, which is not contained in the record. After oral argument, at the court's request, the parties submitted supplemental affidavits.

Footnote 3: As noted by Supreme Court, neither individual proffered a curriculum vitae or other support for their opinions other than "their own self-serving statements that they are experts in electronic voting systems, audits and CVRs."