Matter of Madrid v Mazur (2025 NY Slip Op 06284)

Matter of Madrid v Mazur

2025 NY Slip Op 06284

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 100881/20|Appeal No. 5183|Case No. 2022-04959|

[*1]In the Matter of Manuel Madrid, Petitioner-Appellant,
v
Jordan S. Mazur etc., Respondent-Respondent.

Manuel Madrid, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered on or about November 22, 2021, which denied petitioner's challenge to respondent's reply to his Freedom of Information Law (FOIL) request, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Initially, we exercise our discretion under CPLR 5520(a) and (c) to deem the notices of appeal dated July 14, 2021 and December 30, 2021, taken together, as timely filed and properly served.
The New York City Police Department's response to petitioner's FOIL request was not "affected by an error of law" (Matter of Jewish Press, Inc. v New York City Police Dept., 190 AD3d 490, 490 [1st Dept 2021], lv denied 37 NY3d 906 [2021] [internal quotation marks omitted]; see CPLR 7803[3]). In their response to petitioner's FOIL appeal, respondent properly advised petitioner that the additional records he sought, which related to his arrest and which he requested roughly 16 years after his arrest, could not be located after a diligent search. When an agency is unable to locate documents sought in a FOIL request, Public Officers Law § 89(3) requires the agency to certify that it does not have possession of a requested record or that such record cannot be located after a diligent search. The statute does not specify the form such certification must take, and "[n]either a detailed description of the search nor a personal statement from the person who actually conducted the search is required" for the certification to be valid (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]). Petitioner failed to articulate a factual basis for his contention that the unproduced records he sought exist (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025