| |
|---|
| **Gonen v New York City Police Depart.** |
| 2024 NY Slip Op 30835(U) |
| March 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159794/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**

*Justice*

PART   **14**

--------------------------------------------------------------------------------X

YOAV GONEN, THE CITY REPORT, INC.

Petitioners,

- v -

NEW YORK CITY POLICE DEPARTMENT,

Respondent.

--------------------------------------------------------------------------------X

INDEX NO.   159794/2023

MOTION DATE   

MOTION SEQ. NO.   001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30, 31, 32, 34- 39

were read on this motion to/for _____ ARTICLE 78- FOIL _____.

The petition to annul a decision concerning FOIL is decided as described below.

**Background**

This special proceeding concerns a FOIL request for a specific Internal Affairs Bureau ("IAB") file (NYSCEF Doc. No. 2). Petitioners observe that this IAB file relates to an incident involving a retired police officer. They contend that this retired officer brandished a weapon at three boys and, after he was subsequently arrested, a police chief voided that arrest. Petitioners allege that IAB found that no misconduct was committed by this police chief but the Civilian Complaint Review Board ("CCRB") conducted its own investigation and recommended that the police chief get docked up to 10 vacation days. Petitioners insist that the then-police commissioner upheld this penalty and the police chief is currently challenging this determination in an administrative trial.

159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT
Motion No.  001

Page 1 of 5

Petitioners observe that in 2023, the Brooklyn District Attorney's Office released numerous videos about the arrest of the former officer and the voiding of the arrest a few hours later.

In a decision dated January 31, 2024, this Court denied respondent's cross-motion to dismiss this proceeding and directed respondent to answer (NYSCEF Doc. No. 32). The Court noted that "Respondent's cited justifications for not turning over the records in question do not compel the Court to dismiss the proceeding at this stage. Its citation to a criminal procedure law provision about sealing arrest records was not accompanied by any case law that shows it applies to IAB files. And the issue of personal privacy is easily addressed with redactions" (*id*. at 5-6).

Respondent then answered and also disclosed a copy of the IAB investigation file to petitioners (it included a four-page report with two attachments, an audio recording and a 911 report). It argues that the proceeding is now moot. It observes that it included redactions to "the names, addresses, dates of birth, tax identification number, and phone numbers of the sealed arrestee and witnesses."

In reply, petitioners argue that the disclosure of this record does not moot the proceeding because respondent has zeroed in on a specific case number and is seeking to avoid the disclosure of other investigative records. They argue that the request, when taken in context and under the circumstances, requires the disclosure of the entire investigative file. Petitioners blame respondent for not helping them request the records and that it would be futile to make petitioners file another FOIL request. They contend that respondent has improperly assumed that the request only pertains to a single IAB case number.

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

The Court denies the petition. It is moot now that respondent has turned over the requested IAB file. The FOIL request at issue stated that "Under the provisions of the New York Freedom of Information Law, Article 6 of the Public Officers Law, I am requesting a copy of the investigative file for IAB case 2021-26524" (NYSCEF Doc. No. 15). And respondent asserts it has now turned over this record. That satisfied respondent's obligation under FOIL (*Rattley v New York City Police Dept.*, 96 NY2d 873, NYS2d 768 [2001] [noting that an agency satisfies its obligation by certifying that it has disclosed all responsive documents]).

Petitioners' argument that it was not really asking for a specific IAB case file is belied by the FOIL request itself which mentions a specific IAB case number. Any reasonable interpretation of the FOIL request yields the conclusion that respondent has turned over all

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**          **Page 3 of 5**
  **Motion No.  001**

responsive records.  Petitioners' attempt to assert that the context means that respondent should have disclosed more records is without merit. Petitioners do not take issue with the redactions; instead, they claim they are entitled to more records that are, essentially, closely related to the specific record they requested.

Of course, respondent was obligated to respond only to the specific FOIL request at issue; to claim that respondent was required to speculate as to what other records petitioners might be interested in receiving exceeds respondent's obligations under FOIL.  A FOIL proceeding is not a plenary action where parties can make broad discovery demands; rather, it is a special proceeding commenced to evaluate the specific request at hand. Petitioner has received what it requested.

Petitioners' alternative argument, that it would be futile to make them file another FOIL request, is also wholly without merit.  Petitioners cannot insist that they need not follow the FOIL process because they speculate that respondent will not turn over records in response to those future requests.  Simply because petitioners have prevailed here does not mean it is a free-for-all.  Petitioner sought a specific file and received it. The requested documents have been provided.

However, the Court finds that because petitioners have substantially prevailed, they are entitled to recover reasonable legal fees (*NYP Holdings, Inc.* 220 AD3d at 489 [awarding legal fees in a FOIL proceeding]). The fact is that this request was filed in 2022; that respondent has only just now turned over these records after petitioners filed the instant proceeding is not a basis to deny this relief. People who request documents pursuant to FOIL should not have to commence a court case to get a response.  Petitioners shall therefore file a motion for reasonable legal fees on or before March 26, 2024.

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No.  001**

**Page 4 of 5**

4 of 5

Accordingly, it is hereby

ADJUDGED that the petition is denied as moot only with respect to the FOIL request

and the issue of reasonable legal fees is severed; and it is further

ORDERED that petitioners shall make a separate motion for such fees on or before

March 26, 2024.

| 3/14/2024 | | | | | | ARLENE P. BLUTH, J.S.C. | |
| :---: | :---: | :---: | :---: | :---: | :---: | :---: | :---: |
| **DATE** | | | | | | | |
| **CHECK ONE:** | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| **APPLICATION:** | | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No.  001**

Page 5 of 5

5 of 5