■ MARY E. CASHMAN, Respondent, v PETER I. ROSENTHAL, Appellant. [690 NYS2d 251] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about December 22, 1998, which, in a matrimonial action, adjudged defendant husband to be in civil contempt of court and directed defendant's arrest and imprisonment for a period of 30 days in the county jail in the event he failed to purge his contempt by paying plaintiff wife a fine of $4,000 within 30 days of service of a copy of the order appealed from, unanimously modified, on the facts and in the exercise of discretion, to the extent of reducing the fine to $2,000, and otherwise affirmed, without costs.

Supreme Court properly held defendant in civil contempt without holding a hearing, since it was clear from the papers submitted to the court that there was no issue of fact to be resolved (*see, Coronet Capital Co. v Spodek*, 202 AD2d 20, 29-30), and, in any event, defendant never requested a hearing in opposing the contempt application. In violation of the plain language of the court's prior orders, which directed defendant "NOT to go to the [parties'] child's school for any reason whatsoever", defendant admitted that he went to the school for the purpose of leaving a package for his daughter. Defendant's self-serving and conclusory claim that he had forgotten that the orders prohibited him from going to the school "for any reason whatsoever", not just from going to the school for the purpose of seeing his daughter, is insufficient to raise an issue of fact, in view of the unmistakable meaning of the order, which defendant does not deny having received and read. Moreover, defendant's belligerent statements to plaintiff the evening after the visit to the school, also not denied by him, completely contradict any claim of intent to comply with the court's directive. The court also properly took into account defendant's past history of flouting its orders in this matter. Contrary to

defendant's assertions, the order holding him in contempt does specifically find that his conduct prejudiced plaintiff and the parties' daughter, as required by Judiciary Law § 753 (A), and such finding is fully supported by the record. We find the fine excessive to the extent indicated and modify accordingly. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.