■ In the Matter of MASAO YONAMINE, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [995 NYS2d 51]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 28, 2013, which denied petitioner's motion to hold respondents in civil contempt for disobedience of an order, same court and Justice, entered January 20, 2012, which, inter alia, required respondents to certify that they had disclosed all documents responsive to petitioner's Freedom of Information Law (FOIL) request and that a diligent search had been conducted for documents that could not be located, unanimously affirmed, without costs.

Petitioner failed to demonstrate by clear and convincing evidence that respondents disobeyed the January 2012 order, as required for a finding of civil contempt (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Tener v Cremer*, 89 AD3d 75, 78 [1st Dept 2011]; Judiciary Law § 753). Respondent police department complied with the order by submitting an affirmation by its counsel that counsel had reviewed the Detective Squad's folders maintained in the precinct for information relating to the 1986 homicide investigation that culminated in petitioner's conviction that would be responsive to petitioner's FOIL request, and that those folders were the only places where such records might reasonably have been located. Counsel affirmed that no additional documents were located pursuant to her search, except for one additional page of questionable responsiveness, which was produced. This affirmation and the search complied with the January 2012 order, which merely required respondents to comply with FOIL (*see* Public Officers Law § 89 [3]; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873 [2001]; *Matter of Franklin v Schwartz*, 57 AD3d 338 [1st Dept 2008], *lv dismissed* 12 NY3d 880 [2009]).

A hearing was not required because petitioner did not request one and his submission raised no factual dispute warranting a hearing (*see Cashman v Rosenthal*, 261 AD2d 287 [1st Dept 1999]). Supreme Court properly considered the contempt petition, rather than transferring the matter to this Court, because

petitioner did not seek substantial evidence review of a determination made "as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]; 7804 [g]; *see e.g. Matter of Storman v New York City Dept. of Educ.*, 95 AD3d 776 [1st Dept 2012], *appeal dismissed* 9 NY3d 1023 [2012]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ.