■ In the Matter of CHRISTIAN G. TARANTINO, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [25 NYS3d 601]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered December 10, 2014, denying the petition seeking to compel respondents to disclose documents pursuant to the Freedom of Information Law (FOIL), and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court properly denied the petition and granted the cross motion to dismiss based on mootness. Respondents were not in possession of the materials sought in petitioner's FOIL request (*see* Public Officers Law § 89 [3] [a]), as respondents sufficiently established by submitting their attorney's certification to that effect (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873 [2001]; *see also Matter of Yonamine v New York City Police Dept.*, 121 AD3d 598 [1st Dept 2014], *appeal dismissed* 25 NY3d 968 [2015]). We have considered and rejected petitioner's contention that respondents failed to preserve that argument. The court's reliance on the certification in the attorney's affirmation in this circumstance did not constitute an improper conversion of respondents' cross motion to one for summary judgment without notice pursuant to CPLR 3211 (c).

The court properly denied petitioner's request for a hearing, in the absence of any "demonstrable factual basis to support his contention that the requested documents . . . were within the Police Department's control" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279 [1996]; *see Yonamine*, 121 AD3d at 598). The court also properly denied petitioner's request for an in camera inspection, in light of respondents' nonpossession of the materials at issue. Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.