**Roth & Roth LLP v Long Is. R.R.**

2024 NY Slip Op 30346(U)

January 30, 2024

Supreme Court, New York County

Docket Number: Index No. 158366/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**                    PART            14

*Justice*

-----------------------------------------------------------------------------X

ROTH & ROTH LLP,

INDEX NO.            158366/2022

Petitioner,

MOTION DATE            01/25/2024

- v -

MOTION SEQ. NO.            002

LONG ISLAND RAILROAD, METROPOLITAN
TRANSPORTATION AUTHORITY

**DECISION + ORDER ON
MOTION**

Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for            RENEWAL            .

Petitioner's motion to renew is granted only as described below.

**Background**

In this FOIL proceeding, this Court previously denied the petition on the ground that respondents had met their burden to show that the records sought were not reasonably described (NYSCEF Doc. No. 26 at 3). The Court based its decision on the affidavit of Kristin Woodhouse, Director of Claims and Investigations, who asserted that the forms requested by petitioner were kept in paper form. Petitioner had sought Accident Report Non-Employee ("ARNE") forms that are used when railroad customers are injured on the Long Island Rail Road ("LIRR") for the Syosset train station on Long Island.

Essentially, the Court found that the way Ms. Woodhouse described the record keeping of LIRR (all hard copy and no electronic copies) made complying with petitioner's FOIL requests an impossible task as petitioner had asked for four years of records. The Court

understood from the papers that there was no electronic database that could facilitate a FOIL request.

Petitioner now insists that this Court was misled by Ms. Woodhouse and points to the deposition testimony of Latchman Singh, LIRR's Corporate Safety Department's Director of Operational Safety Statistics and Reporting. It argues that Mr. Singh admits that LIRR maintains and stores ARNE documents in a searchable electronic format, which should compel the Court to grant the petition. This deposition occurred in a personal injury action filed by petitioner on behalf of an injured plaintiff in Nassau County. Mr. Singh testified that when the LIRR receives a form, it is uploaded into their system (NYSCEF Doc. No. 33 at 110).

Petitioner observes this deposition shows that ARNE documents are scanned and saved as PDFs, the accidents are indexed electronically with various codes designating the types of accident and that the databases can be searched electronically. Mr. Singh admitted that the system by which the LIRR uses various codes came into effect in 2018 (*id.* at 119). Petitioner contends that it is clear that petitioner's specific request for searches by train station and date range is actually a straightforward request.

In opposition, respondent agrees that leave to renew should be granted and it should disclose responsive ARNEs to petitioner. It admits that its original determination was inaccurate, but claims that the appropriate remedy is to turn over the FOIL documents. Respondent insists it will undertake a search for all responsive documents (i.e., all ARNEs) from May 2018 onwards (as this is when a new computer system was implemented) and will conduct a diligent search for responsive records prior to May 2018 for those records that were electronically scanned or indexed.

**158366/2022    ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**                    **Page 2 of 9**
  **Motion No.  002**

2 of 9

[* 2]

Ms. Woodhouse includes an affidavit (NYSCEF Doc. No. 41) in this submission in which she explains that she retired in April 2023 and clarifies that her statements about the exclusive hard copy record keeping was limited to the Department of Claims, a separate entity from the department in which Mr. Singh works. She explains that ARNEs are initially received by Mr. Singh's department before being sent to the Department of Claims. Ms. Woodhouse admits that she should have ensured that her assertions about the lack of an electronic index or database should not have been applied to the LIRR as a whole. She claims she was unaware that Mr. Singh's department had a practice of scanning ARNEs or that this other department could run a search for ARNEs.

In reply[1], petitioner characterizes the instant actions by respondents as frivolous and demands sanctions. It argues that Ms. Woodhouse submitted a false affidavit upon which this Court relied. It insists that it has now received 15 ARNE records but complains that there are too many unnecessary redactions, including the day and month from each accident report. More specifically, petitioner wants the names and home addresses of people who filed these ARNE reports because they might have information about a dangerous condition. Petitioner also wants legal fees, among many other demands in the instant motion.

**Discussion**

As a preliminary matter, the Court observes that there is no dispute that it should grant the motion for leave to renew. Respondents admit they made a mistake and have now apparently turned over 15 records, although they contained various redactions which will be discussed

---

[1] This reply substantially exceeds the word count limitation imposed by 22 NYCRR 202.8-b. In fact, petitioner did not include a certificate of conformity with the word count limits as required under the trial court rules even though it submitted one in connection with the moving papers (NYSCEF Doc. No. 29). Nor did petitioner properly ask or receive the Court's permission to submit such a lengthy reply.

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**                    **Page 3 of 9**
 **Motion No.  002**

below. That addresses petitioner's first request for relief (for the production of responsive ARNE records); it is now moot.

Petitioner's second demand is that this Court hold an evidentiary hearing about respondent's record-keeping procedures. Although petitioner repeatedly demands this relief, it did not cite any cases or a statutory basis upon which this Court should hold a hearing. In any event, this Court finds that an evidentiary hearing is not required; the Court finds that petitioner asked all manner of questions about respondents' recordkeeping at Mr. Singh's deposition.

And petitioner did not satisfy the standard for an evidentiary hearing. "Where an agency properly certifies that it does not possess a requested record, a petitioner may be entitled to a hearing on the issue if it can articulate a demonstrable factual basis to support the contention that the requested document existed and was within the agency's control" (*Empire Ctr. for Pub. Policy v New York State Energy and Research Dev. Auth.*, 188 AD3d 1556, 1558, 137 NYS3d 540 [3d Dept 2020] [internal quotations and citations omitted]). Here, respondents do not insist that they can't find a requested record. Rather, they admit they made a mistake, have certain records and have now turned them over. Petitioner did not cite a proper basis for an evidentiary hearing in reply.

Petitioner also takes issue with the redactions respondents included in the ARNE reports they disclosed to petitioner. Respondents cite to Public Officers Law §§ 87(2)(b) and 89(2). Section 87(2)(b) permits an agency to withhold documents in situations where "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article." Section 89(2) provides that:

> "2. (a) The committee on public access to records may promulgate guidelines regarding deletion of identifying details or withholding of records otherwise available under this article to prevent unwarranted invasions of personal privacy.

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**
**Motion No. 002**

**Page 4 of 9**

4 of 9

[* 4]

In the absence of such guidelines, an agency may delete identifying details when it makes records available.

(b) An unwarranted invasion of personal privacy includes, but shall not be limited to:

i. disclosure of employment, medical or credit histories or personal references of applicants for employment;

ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility;

iii. sale or release of lists of names and addresses if such lists would be used for solicitation or fund-raising purposes;

iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it;

v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency;

vi. information of a personal nature contained in a workers' compensation record, except as provided by section one hundred ten-a of the workers' compensation law;

vii. disclosure of electronic contact information, such as an e-mail address or a social network username, that has been collected from a taxpayer under section one hundred four of the real property tax law; or

viii. disclosure of law enforcement arrest or booking photographs of an individual, unless public release of such photographs will serve a specific law enforcement purpose and disclosure is not precluded by any state or federal laws."

The Court finds that the redactions are all permitted *except* for those including the date of the incident—that is, respondents must disclose the month, day and year of the incident for each of the records it produced to respondents. The date of the incident does not risk the unwarranted disclosure of personal information.

However, as petitioner makes clear, it wants to learn the identities and the nature of the incidents that took place at the Syosset train station so that it can explore whether or not

158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL
Motion No.  002

Page 5 of 9

5 of 9

respondents had prior notice of a purportedly dangerous condition related to an ongoing litigation pursued by petitioner on behalf of an injured plaintiff.

In this Court's view, that information (which includes the names, addresses and other personal information of complainants) is more appropriate for the related personal injury litigation in which both respondents are defendants. The instant proceeding concerns a FOIL request—that there is a personal injury litigation on Long Island is irrelevant to this proceeding. "FOIL does not require that the party requesting records make any showing of need, good faith or legitimate purpose" (*M. Farbman & Sons, Inc. v New York City Health and Hosps. Corp.*, 62 NY2d 75, 80, 476 NYS2d 69 [1984]).

Respondents' belated response to petitioner need not take into account why petitioner wants the records; it only has to assess whether or not the records fall within a statutory exemption such that a redaction is appropriate. "All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

In contrast, the standard is quite different in a plenary action. In those disputes, a Court must employ the relevance standard in response to discovery demands. This Court, as well as litigants, often utilize various discovery devices (such as confidentiality orders) to ensure that parties get relevant evidence but also that non-parties' personal privacy concerns are respected. Here, petitioner wants incident reports from non-parties that were submitted to respondents so

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**
**Motion No.  002**

**Page 6 of 9**

[* 6]

that it can potentially aid in a pending litigation. Simply because someone submits an incident report to respondents does not mean that record, which includes a person's home address and other contact information, is now available to any member of the public.

The key distinction here is the difference between a FOIL request and a discovery demand in a plenary action. The Court makes no finding that petitioner is (or is not) entitled to these records as part of a personal injury action – that decision will be up to the judge in that case. But the motivation for the redacted portions of these records has no bearing on this Court's conclusion in this proceeding, which is that it would invade these individuals' personal privacy to give a FOIL requestor access to their names, home addresses and possibly medical details so that petitioner can pursue a litigation in which these individuals are not involved.

**Sanctions/Legal Fees**

The Court recognizes petitioner's dissatisfaction with respondent's actions in this litigation. At best, Ms. Woodhouse's affidavits make clear she is extraordinarily naïve. Her claim in her supplementary affidavit that she only meant to make assertions about the Department of Claims, as opposed to the agency as a whole, is too convenient. Did she not think to ask around about how other departments (such as Mr. Singh's Corporate Safety Department) handles the storage of ARNEs and related documents?

It may be that Ms. Woodhouse and the attorneys for respondent were simply too "in the weeds" to think about the bigger picture when they submitted the original opposition papers. Clearly, no one thought to explore how ARNEs are stored around the entire agency and Ms. Woodhouse's original affidavit gave the impression it was submitted on behalf of the LIRR as a whole. It was the only affidavit submitted; nothing from the Corporate Safety Department was included. But the Court declines to impose sanctions as respondents have readily admitted their

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**   **Page 7 of 9**
   **Motion No.  002**

[* 7]

7 of 9

mistake and turned over relevant records. Nothing on this record suggests that respondents engaged in willful misconduct; instead, this docket shows an agency that made an egregious mistake.

In any event, the fact is that petitioner is entitled to recover reasonable legal fees incurred in this litigation as "petitioner has substantially prevailed and respondents had no reasonable basis for denying access" (*NYP Holdings, Inc. v New York City Police Dept*., 220 AD3d 487, 489, 198 NYS3d 7 [1st Dept 2023]).

Petitioner shall file a separate motion for such fees on or before February 15, 2024 as it did not include a request for a specific amount of fees in the instant motion.

**Summary**

To be clear, the fact that this Court declines to hold an evidentiary hearing or to sanction respondents should not be taken as a signal that the Court is not disturbed by respondents' submissions. There is no doubt that the Court's previous decision relied upon the affidavit of Ms. Woodhouse and it turns out that the scope of that affidavit was extremely limited. It did not properly state how records are kept across the LIRR. But mistakes happen and respondents, when confronted with that clear error, have now turned over the records and will now have to pay reasonable legal fees (assuming that petitioner makes the motion).

Petitioner demands sanctions as a form of punishment, but this Court finds that respondents' actions, while farcical, are not frivolous. Not every mistake is grounds for sanctions.

Accordingly, it is hereby

ORDERED and ADJUDGED that petitioner's motion to renew is granted and upon renewal, the Court grants the petition to the extent that petitioner is entitled to the 15 ARNE

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**
**Motion No.  002**

**Page 8 of 9**

8 of 9

records without the redactions for the month, day and year (however, all other redactions may remain) as well as reasonable legal fees and costs and disbursements, and the petition is denied with respect to the remaining relief requested; and it is further

ORDERED that petitioner must make a separate motion for legal fees on or before February 15, 2024.

| 1/30/2024 | | | |
| --- | --- | --- | --- |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158366/2022   ROTH & ROTH LLP vs. LONG ISLAND RAILROAD ET AL**
**Motion No.  002**

**Page 9 of 9**

9 of 9

[* 9]