**Matter of Gonsalez v New York City Tr. Auth.**

2024 NY Slip Op 33294(U)

September 19, 2024

Supreme Court, New York County

Docket Number: 156176/2022

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                    PART                    56M

                              *Justice*

-------------------------------------------------------------------------------X

In the Matter of                                      INDEX NO.          156176/2022

JASMINE GONSALEZ,                                     MOTION DATE        07/12/2024

                          Petitioner,                MOTION SEQ. NO.        002

                    - v -

NEW YORK CITY TRANSIT AUTHORITY and                  **DECISION + ORDER ON**
METROPOLITAN TRANSPORTATION AUTHORITY                        **MOTION**

                          Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71

were read on this motion to/for                       SANCTIONS                          .

In this proceeding pursuant to CPLR article 78, the petitioner moves pursuant to

Judiciary Law §§ 753(A)(3) and CPLR 2308(a) to hold the respondents in civil contempt for their

alleged violation of this court's January 13, 2023 order and judgment, and for an evidentiary

hearing to determine why the respondents erroneously claimed that certain documents did not

exist, whether they maintain additional documents responsive to her request for agency records

under the Freedom of Information Law (Public Officers Law § 84, *et seq*.; hereinafter FOIL), how

they search for records when FOIL requests are made, and how they file and index such

records.  The petitioner also seeks an award of additional attorney's fees for making this motion.

The respondents oppose the motion.  The motion is granted only to the extent that the petitioner

is awarded the sum of $2,000.00 in additional attorneys' fees that she incurred in making the

instant motion, inasmuch as the motion caused the respondents ultimately to produce

documents responsive to her FOIL request.  The motion is otherwise denied.

156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 1 of 6
Motion No.  002

1 of 6

[* 1]

On August 19, 2021, the petitioner submitted a FOIL request to the respondents, seeking production of all notices of claim in their possession that had been served upon them between January 1, 2014 and August 19, 2021 relating to accidents on stairways P5 and P6 at the Church Avenue subway station in Brooklyn that served the B and Q trains, as well as the landing in between those stairways.  In its January 13, 2023 order and judgment, this court, over the respondents' objection that their filing system precluded them from searching their records in a manner that would yield responsive documents, granted the petition, and directed the respondents to search for and produce responsive records on or before April 13, 2023, that is, within approximately 90 days of the entry of the order and judgment.  When the respondents failed to meet that deadline, the petitioner made the instant motion on September 26, 2023.

In response to the motion, the respondents first requested several adjournments, which the court granted, and, on December 20, 2023, ultimately produced one notice of claim responsive to the FOIL request and two notices of claim that they characterized as "potentially" responsive to the request.  The respondents also submitted affidavits from their employees, explaining how they conducted a search for the records, and certifying not only that they conducted a diligent search, but that they had located and produced all records in their possession that were responsive to the petitioner's FOIL request.  One of those employees, MTA law department administrative assistant David Rowe, attested that a

> "clerical error that resulted in the use of the incorrect station code and above-mentioned no-hits prior to November 28, 2023, was limited to my above-mentioned searches for Notices of Claim pertaining to Church Avenue.  This is because when performing searches for incidents at a specific station, I am usually provided with a specific incident number from an incident at said station to use as a reference.  This reference point assists the search by identifying the correct search parameters to use for the station."

"To sustain a motion for contempt, 'a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed.  Moreover, the party to be held in contempt must have had knowledge of the order . . . [and] prejudice to the rights of a party to the litigation must be demonstrated'" (*Aristy-Farer v State of New York*, 29 NY3d 501, 514 [2017], quoting

**156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          Page 2 of 6
**Motion No.  002**

*McCain v Dinkins*, 84 NY2d 216, 226 [1994]); *see* Judiciary Law § 753[A][3]; *see also McCormick v Axelrod*, 59 NY2d 574 [1983], *amended* 60 NY2d 652 [1983]). The movant thus must establish that the party to be held in contempt engaged in conduct that was calculated to, and actually did, defeat, impair, impede, and prejudice the rights of the movant (*see 450 West 14th St. Corp. v 40-56 Tenth Avenue, LLC*, 15 AD3d 166, 166-167 [1st Dept 2005]). "[W]ilfulness is not an element of civil contempt" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 35 [2015]). A civil contempt must be proven by clear and convincing evidence (*see Classe v Silverberg*, 168 AD3d 603, 604 [1st Dept 2019]).

The court concludes that the petitioner has not demonstrated, by clear and convincing evidence, that the respondents violated the terms of the January 13, 2023 order and judgment, or that their rights were impaired or defeated. Rather, the respondents have shown that they attempted to comply with the order and judgment, but that issues with their database and the entry codes that they employed to gain access to relevant documents, delayed their ability to locate, identify, and produce documents responsive to the petitioner's FOIL request. The fact that the respondents ultimately produced responsive records also militates against holding them in civil contempt, since any penalty that would have been imposed were they to be found in contempt likely would have been mitigated or vacated had they purged such contempt by producing those very documents. Moreover, the court notes that a respondent agency may discharge its duty pursuant to FOIL by certifying that it has produced all relevant records (21 NYCRR 1401.2[b][5]), and that additional "records of which the agency is a custodian cannot be found after diligent search" (21 NYCRR 1401.2[b][7][ii]; *see* Public Officers Law § 89[3][a]; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of Yonamine v New York City Police Dept.*, 121 AD3d 598, 598 [1st Dept 2014]). Moreover, a certification of a diligent search need not follow any specific form, nor need it include a statement of a person with personal knowledge of the search; rather, a statement in an attorney's affirmation is sufficient to support the certification (*see Matter of Rattley v New York City Police Dept.*, 96

**156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          Page 3 of 6
  Motion No.  002

3 of 6

[* 3]

NY2d at 875; *Matter of Tarantino v New York City Police Dept.*, 136 AD3d 598, 599 [1st Dept 2016]; *Matter of Yonamine v New York City Police Dept.*, 121 AD3d at 598). With respect to these documents, the respondents have established that they conducted a diligent search, and that they have located and provided all of the documents in their possession identified after their search. In any event, "[w]here a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties'" (*Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth.,* 181 AD3d 1072, 1073-1074 [3d Dept 2020, quoting *Matter of Cobado v Benziger*, 163 AD3d 1103, 1105 [3d Dept 2018] [internal quotation marks and citations omitted]). Although dismissal for mootness cannot be effectuated here, inasmuch as the order and judgment already granted the petition, any request by the petitioner for further affirmative relief has been rendered academic.

Nor has the petitioner established, under the circumstances of this proceeding, that an evidentiary hearing is warranted to investigate the respondents' record-keeping, search, and retrieval protocols. In this respect, the petitioner presented only speculation and conjecture regarding the existence of additional records, and the court discerns no basis for rejecting the certifications provided by the respondents' employees (*see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth.,* 188 AD3d 1556, 1558 [3d Dept 2020]; *Matter of Roth & Roth LLP v Long Is. R.R.,* 2024 NY Slip Op 30346[U], *4, 2024 NY Misc LEXIS 497, *5 [Sup Ct, N.Y. County, Jan. 30, 2024] ["respondents do not insist that they can't find a requested record. Rather, they admit they made a mistake, have certain records and have now turned them over. Petitioner did not cite a proper basis for an evidentiary hearing in reply"]).

Pursuant to FOIL's fee-shifting provision, however, a court

> "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access"

**156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**         **Page 4 of 6**
**Motion No.  002**

[* 4]

4 of 6

(Public Officers Law § 89[4][c][ii]). Prior to 2006, the law required that, for attorneys' fees to be awarded, the documents involved must be of clearly significant interest to the general public. Pursuant to L 2006, ch 492, the Legislature amended FOIL to remove that statutory requirement.

> "An award of an attorney's fee and costs pursuant to FOIL is particularly appropriate to promote the purpose of and policy behind FOIL. Specifically, in enacting FOIL, the legislature declared that 'government is the public's business' and expressly found that 'a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions"

(*Matter of South Shore Press, Inc. v Havemeyer*, 136 AD3d 929, 931 [2d Dept 2016]). Moreover, "[t]he attorneys' fees provision of FOIL was amended, effective December 13, 2017, to provide that the court 'shall' award counsel fees where the agency has no basis for denying access to the material sought" (*Matter of Reiburn v New York City Dept. of Parks & Recreation*, 171 AD3d 670, 671 [1st Dept 2019]; *see New York Times Co. v City of N.Y. Off. of Mayor*, 194 AD3d 157, 166 [1st Dept 2021] ["The legislature's [2017] amendment to the fees provision, which made a fees award mandatory rather than 'precatory,' was intended to give more teeth to the public's right of access under FOIL."]). As explained by the Court of Appeals, "[o]nly after a court finds that the statutory prerequisites have been satisfied may it exercise its discretion to award or decline attorneys' fees" (*Beechwood Restorative Care Ctr. v. Signor,* 5 NY3d 435, 441 [2005]). Where, as here, "it was the initiation of this proceeding which brought about the release of the documents" (*Matter of Powhida v City of Albany*, 147 AD2d 236, 239 [3d Dept 1989]), the petitioner is deemed to have "substantially prevailed" (*see Matter of Madeiros v New York State Educ. Dept.*, 30 NY3d 67, 79 [2018]).

The court concludes that it was not only the initiation of the proceeding, but the submission of the instant motion that brought about the release of the records. Hence, the court concludes that the petitioner is entitled to an additional award of $2,000.00 for making this

**156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  002**

Page 5 of 6

5 of 6

motion, over and above the $7,720.00 that this court awarded in fees and costs in connection with the granting of the petition.

Accordingly, it is,

ORDERED that the motion is granted to the extent that the petitioner is awarded an additional $2,000.00 for making this motion, over and above the $7,720.00 that this court awarded in fees and costs in connection with the granting of the petition, which shall be included in a separate order awarding fees and costs, and the motion is otherwise denied.

This constitutes the Decision and Order of the court.

| 9/19/2024 | | |
|-----------|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | **X** | **CASE DISPOSED** | | | **NON-FINAL DISPOSITION** | |
|------------|-------|-------------------|---|---|---------------------------|---|
| | | **GRANTED** | | **DENIED** | **X** **GRANTED IN PART** | **OTHER** |
| APPLICATION: | | **SETTLE ORDER** | | | **SUBMIT ORDER** | |
| CHECK IF APPROPRIATE: | | **INCLUDES TRANSFER/REASSIGN** | | | **FIDUCIARY APPOINTMENT** | **REFERENCE** |

**156176/2022   GONSALEZ, JASMINE vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 6 of 6**
**Motion No.  002**