| **Matter of Pegram v Metropolitan Transp. Auth.** |
|:---:|
| 2026 NY Slip Op 30930(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 155269/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**      PART      **56M**

*Justice*

-----------------------------------------------------------------------------X

In the Matter of

JOHN B. PEGRAM,

                          Petitioner,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY,

                          Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155269/2023 |
| MOTION DATE | 10/02/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for            ARTICLE 78 (BODY OR OFFICER)       .

        This is a CPLR article 78 proceeding, pursuant to which the petitioner seeks judicial review of (a) the March 13, 2023 and May 30, 2023 determinations of the Metropolitan Transportation Authority (MTA) records access appeals officer's (RAAO's) denying, as premature, his administrative appeals from the MTA Freedom of Information Law Office's (FOIL Office's) alleged constructive denial of his January 25, 2023 request (02961855) for the production of agency records pursuant to the Freedom of Information Law (Public Officers Law § 84, *et seq*.; hereinafter FOIL) and (b) the RAAO's March 27, 2023 and May 30, 2023 determinations denying, as premature, his administrative appeals from the FOIL Office's alleged constructive denial of his March 3, 2023 request (03128826) for the production of other agency records. The MTA has served an answer and the administrative record. It argues that the proceeding has been rendered academic because it already has produced all of the records in its possession that were responsive to the two requests. The petition is denied, and the proceeding is dismissed.

155269/2023   PEGRAM, JOHN B vs. METROPOLITAN TRANSPORTATION AUTHORITY       Page 1 of 4
Motion No.  001

1 of 4

[* 1]

A respondent agency may discharge the duty imposed upon it by FOIL by certifying that it has produced all relevant records (21 NYCRR 1401.2[b][5]), and that additional "records of which the agency is a custodian cannot be found after diligent search" (21 NYCRR 1401.2[b][7] [ii]; *see* Public Officers Law § 89[3][a]; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of Yonamine v New York City Police Dept.*, 121 AD3d 598, 598 [1st Dept 2014]). Where, as here, the agency has made such a certification, a CPLR article 78 proceeding to review such a determination will have been rendered academic (*see Matter of Tarantino v New York City Police Dept.*, 136 AD3d 598, 599 [1st Dept 2016]; *Matter of Taylor v New York City Police Dept. FOIL Unit*, 25 AD3d 347, 347 [1st Dept 2006]; *Matter of Tellier v New York City Police Dept.*, 267 AD2d 9, 10 [1st Dept 1999]). Moreover, a certification of a diligent search need not follow any specific form, nor need it include a statement of a person with personal knowledge of the search; rather, a statement in an attorney's affirmation is sufficient to support the certification (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d at 875; *Matter of Tarantino v New York City Police Dept.*, 136 AD3d at 599; *Matter of Yonamine v New York City Police Dept.*, 121 AD3d at 598).

The court notes that, unlike several other judicial matters challenging various MTA FOIL determinations that the petitioner had commenced between 2023 and 2025, this proceeding did not seek declaratory relief in addition to relief pursuant to CPLR article 78. Rather, in the ad damnum clause of the petition, the petitioner requested not only that the MTA produce the requested records, but that the court issue a permanent injunction directing the MTA, in the future, not to invoke "the number of other requests as a ground for delaying grant or denial of a FOIL request, except in unusual circumstances lasting under twenty business days," not to "extend the period for grant or denial of a FOIL request beyond a total of twenty-five business days from the date of the request, except upon a showing of extraordinary circumstances preventing an earlier disclosure, which are to be described in the extension decision," and to include "in each decision on an administrative appeal relating to a FOIL request, . . . all grounds

**155269/2023   PEGRAM, JOHN B vs. METROPOLITAN TRANSPORTATION AUTHORITY**           **Page 2 of 4**
**Motion No.  001**

2 of 4

for the denial of the request, including a description of all reasons for delay beyond a total of twenty-five business days from the receipt of the request and assertion of any exceptions to the presumption of disclosure pursuant to POL § 87.2."

Declaratory relief, however, is not available as a remedy in a CPLR article 78 proceeding (*see Matter of Cuffy v Pesce*, 178 AD3d 695, 695 [2d Dept 2019]; *Matter of Krichevsky v Dear*, 172 AD3d 1370, 1370 [2d Dept 2019]; *Matter of Nelson v Stander*, 79 AD3d 1645, 1647 [4th Dept 2010]; CPLR 3017) and, although a permanent injunction may constitute proper relief in appropriate CPLR article 78 proceedings, the type of injunction sought here is actually in the nature of relief ancillary to a declaratory judgment.[1]  To the extent that the petitioner is actually alleging that the MTA failed to discharge a duty imposed upon it by law in connection with the timing and contents of its responses to FOIL requests and determinations of administrative appeals, the proper procedure would be to assert a cause of action in the nature of mandamus to compel pursuant to CPLR 7803(1), which is a cause of action that would lie where an administrative body has failed to perform a duty enjoined upon it by law, the performance of that duty is mandatory and ministerial rather than discretionary, and there is a clear legal right to the relief sought (*see* CPLR 7801[1]; *Matter of Hoffmann v New York State Ind. Redistricting Commn.*, 41 NY3d 341, 364-365 [2023]; *New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *see also Klostermann v Cuomo*, 61 NY2d 525, 540 [1984] [explaining that the "function of mandamus (is) to compel acts that officials are duty-bound to perform"]). The petitioner did not assert such a cause of action and, even had he done so, he has failed, in the context of this proceeding, to establish that he had a clear legal right to the relief that he seeks.  Moreover, once the MTA provided all of the requested records to the petitioner, any

---

[1] Moreover, and in any event, in a CPLR article 78 proceeding for judicial review of an administrative determination, the court is limited to determining the propriety of the grounds actually invoked by the agency (*see Matter of Scherbyn v Wayne-Finger Lakes Bd of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]).  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis (*see id.*).

**155269/2023   PEGRAM, JOHN B vs. METROPOLITAN TRANSPORTATION AUTHORITY**          **Page 3 of 4**
**Motion No.  001**

cause of action in the nature of mandamus to compel was rendered academic (*see generally Matter of Golden v Town Bd. of Town of Oyster Bay*, _____AD3d_____, 2026 NY Slip Op 00508, *2 [2d Dept, Feb. 4, 2026]).

The court notes that, in any event, in at least two other pending matters, the petitioner has, in fact, asserted causes of action for declaratory relief that are either identical to or similar to the basis for the injunctive relief that he seeks here (*see Matter of Pegram v Metropolitan Transp. Auth*., New York County Index No. 162910/2025; *Matter of Pegram v Metropolitan Transp. Auth*., New York County Index No. 156757/2024). Since actions are pending for that relief, in which the issues that the petitioner raised here may ultimately be resolved, there is no basis for applying the recognized exception to the mootness doctrine, applicable to issues that are likely to recur, typically evade review, and raise a substantial and novel question (*see Matter of Vignali v City of New York*, 222 AD3d 419, 420 [1st Dept 2023]).

Accordingly, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

| | |
|---|---|
| **3/11/2026** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155269/2023 PEGRAM, JOHN B vs. METROPOLITAN TRANSPORTATION AUTHORITY** Page 4 of 4
**Motion No. 001**

4 of 4