■ In the Matter of ANGEL ALICEA, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [731 NYS2d 19] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about July 13, 2000, which denied petitioner's motion to compel disclosure of the requested information under the Freedom of Information Law (FOIL) and granted respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.

By letter dated December 14, 1998, petitioner made a FOIL request for copies of the "UF-61 Form #3231" and the "DD-5 Follow up Report #3231" concerning his arrest for murder and weapons possession on October 23, 1988. With the FOIL request petitioner included his date of birth, Social Security number, NYSID number, and indictment number and identified the precinct of the arrest. Additional correspondence ensued. By letter dated May 21, 1999, a Sergeant Richard Evangelista informed petitioner that "after searching for the following requested documents, this unit was unable to locate such due to an inaccurate NYSID number supplied by you." In petitioner's June 18, 1999 appeal to the Police Commissioner, he indicated that he had provided the NYSID number that the Police Department had provided to him at sentence, which was listed on his commitment sheet. When the Commissioner failed to respond, petitioner filed the present CPLR article 78 proceeding to obtain the requested documents. During the interim, though, Sergeant Evangelista sent several documents, accompanied by a form letter, to petitioner's mother. On the basis of these documents, respondent moved to dismiss the article 78 proceeding as being moot. However, in opposing, petitioner noted that the documents pertained to a complaint number, other than complaint number 3231, and hence were not responsive. In reply, respondent contended that, although identified as being related to the different complaint number, and not to number 3231, these documents nevertheless

pertained to the same homicide, and as such were responsive, and that no other documents could be located. In dismissing, the motion court found that petitioner had failed to articulate a demonstrable factual basis to conclude that the specifically requested documents existed.

When an agency denies a FOIL request on the basis that the requested documents cannot be located in the agency's file, it must certify that a diligent search was conducted and the documents are not in its possession (Public Officers Law § 89 [3]). The manner of certification, though, is not delineated by statute. Here, respondent satisfied its statutory obligation by averring that all responsive documents had been disclosed and that it had conducted a diligent search for the documents it could not locate (*Matter of Rattley v New York City Police Dept.*, 96 NY2d 873). Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.