■ In the Matter of PHILLIP A. TAYLOR, Appellant, v NEW YORK CITY POLICE DEPARTMENT FOIL UNIT et al., Respondents. [806 NYS2d 586]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered September 14, 2004, dismissing a petition pursuant to the Freedom of Information Law (FOIL), unanimously affirmed, without costs.

With respect to petitioner's FOIL requests of May 27, July 14, September 8 and October 20, 2003, the petition was rendered moot by respondents' production of records responsive to the requests as part of their motion to dismiss the instant proceeding, and certification that they had conducted a diligent search for the records they could not locate (*see Matter of Robles v Borakove*, 6 AD3d 216 [2004]; *Matter of Alicea v New York City Police Dept.*, 287 AD2d 286, 287 [2001]; *Matter of Davidson v Police Dept. of City of N.Y.*, 197 AD2d 466 [1993]). Since respondents did not withhold any documents as exempt, and the documents produced themselves revealed the nature of minimal redactions that were made pursuant to Public Officers Law § 87 (2) (b), an in camera inspection was unnecessary (*see Robles*; *Davidson*). With respect to petitioner's FOIL request of November 26, 2003, the petition was properly dismissed for failure to exhaust administrative remedies (*see Matter of Jamison v Tesler*, 300 AD2d 194 [2002]). We reject petitioner's argument that because respondents did not respond to his November 26 request until December 12, after the statutory five-day deadline had expired (Public Officers Law § 89 [3]), he could properly institute this proceeding on January 7, 2004 without first taking an administrative appeal (*cf. Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 145 [1995]). We have considered petitioner's other arguments and find them to be unavailing. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.