Matter of Felici v Nassau County Off. of Consumer Affairs (2023 NY Slip Op 03232)

Matter of Felici v Nassau County Off. of Consumer Affairs

2023 NY Slip Op 03232

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-03675
 (Index No. 611698/19)

[*1]In the Matter of Michael Felici, appellant,
v
Nassau County Office of Consumer Affairs, respondent.

Rahman Legal, New York, NY (Hashim Rahman of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Felicia R. Shannon of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered March 9, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On June 7, 2019, the petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law article 6; hereinafter FOIL) for the production of certain records from the respondent, Nassau County Office of Consumer Affairs, and requested that if no records were located after a diligent search the respondent provide a certification to that effect. In an email dated July 8, 2019, the respondent's records access officer informed the petitioner, among other things, that no responsive documents could be located after a diligent search. That same day, the petitioner submitted an administrative appeal, alleging that the respondent's response was improper as no certification was provided. The administrative appeal was denied.
On July 12, 2019, the petitioner submitted a second FOIL request for the production of certain documents from the respondent related to the search conducted in connection with his first FOIL request. On July 15, 2019, the respondent denied the petitioner's request to the extent it sought the names of all individuals employed by the respondent who conducted the search in response to his first FOIL request. Subsequently, the petitioner submitted an administrative appeal, clarifying that none of his requests in his second FOIL request asked the respondent to create documents or answer questions. On July 19, 2019, the respondent's FOIL appeals officer provided the petitioner with a one-page copy of an email chain containing internal emails between named Nassau County employees in response to his request for the names of all individuals employed by the respondent who worked on his first FOIL request.
In August 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondent to produce all records requested pursuant to his first and second FOIL [*2]requests, to compel the respondent to certify that it completed a diligent search for the records and that it is not in possession of any undisclosed records, and for an award of attorneys' fees and litigation costs pursuant to Public Officers Law § 89(4)(c). In a judgment entered March 9, 2020, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274, citing Public Officers Law § 84). Thus, "[w]hen faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440-441, citing Public Officers Law §§ 87[2] and 89[3]). Public Officers Law § 89(3)(a), which provides that the agency "shall certify that it does not have possession of such record or that such record cannot be found after diligent search," is triggered "when, in lieu of granting a FOIL request, the agency finds that it either does not possess the item requested or is unable to locate it after a diligent search" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 232 [internal quotation marks omitted]]. "The statute does not specify the manner in which an agency must certify that documents cannot be located" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875). In addition, "[a]s a general rule, an agency responding to a FOIL request is not required to create any new record or data that is not already possessed and maintained by it as such" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804; see Public Officers Law § 89[3][a]).
Contrary to the petitioner's contention, the Supreme Court properly determined that the representations made by the respondent's records access officer that, after a diligent search, documents responsive to his requests could not be located satisfied the respondent's obligation under Public Officers Law § 89(3) (see Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of Curry v Nassau County Sheriff's Dept., 69 AD3d 622, 622; Matter of McFadden v Fonda, 148 AD3d 1430, 1431; Matter of Alicea v New York City Police Dept., 287 AD2d 286, 287). Moreover, the court properly determined, in effect, that the petitioner failed to show that the respondent's determinations with respect to his request for the names of all individuals employed by it who searched for documents responsive to his first FOIL request were affected by an error in law or arbitrary and capricious. It is undisputed that the respondent was not required to create a list of names and the record shows that the petitioner was provided with the names of Nassau County employees who worked on his first FOIL request.
As the petitioner did not substantially prevail and there is no question as to whether the respondent timely responded to his FOIL requests and appeals, the petitioner is not entitled to an award of attorneys' fees and litigation costs (see Public Officers Law § 89[4][c][i]).
Accordingly the Supreme Court correctly denied the petition and, in effect, dismissed the proceeding.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court