Matter of Breighner v Suffolk County (2025 NY Slip Op 02200)

Matter of Breighner v Suffolk County

2025 NY Slip Op 02200

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-03409
 (Index No. 205924/22)

[*1]In the Matter of Wayne Breighner, appellant,
v
Suffolk County, et al., respondents.

Zev Goldstein, PLLC, New City, NY, for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 22, 2023. The order and judgment, insofar as appealed from, granted the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint to the extent of directing dismissal of those branches of the petition/complaint which were to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees, in effect, denied those branches of the petition/complaint, and dismissed those portions of the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In January 2021, the petitioner/plaintiff (hereinafter the petitioner) received a speeding ticket in Suffolk County. In May 2022, the petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) with the Suffolk County Traffic and Parking Violations Agency (hereinafter the SCTPVA) for disclosure of "all documents" related to the speeding violation. On July 5, 2022, the SCTPVA provided the petitioner with certain documents in response to his FOIL request. The petitioner thereafter submitted an administrative appeal, asserting that his FOIL request had been only partially granted. The petitioner did not identify any documents that allegedly had not been disclosed. In a letter dated August 3, 2022, Jacqueline Caputi, an Assistant County Attorney, indicated that the FOIL appeal had been satisfied and attached a certification from a FOIL officer of the SCTPVA certifying that all records in the possession of the SCTPVA responsive to the petitioner's FOIL request had been produced and that either the SCTPVA did not have any additional records or such records could not be found after a diligent search.
The petitioner commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to produce documents in response to his FOIL request and for an award of attorneys' fees, and action for declaratory relief against the SCTPVA and Caputi, among [*2]others. The respondents/defendants (hereinafter the respondents) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. In an order and judgment dated February 22, 2023, the Supreme Court, among other things, granted the respondents' motion to the extent of directing dismissal of those branches of the petition/complaint which were to compel the production of the requested records pursuant to FOIL and for an award of attorneys' fees, in effect, denied those branches of the petition/complaint, and dismissed those portions of the proceeding/action. The petitioner appeals.
"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). "When faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr., 5 NY3d 435, 440-441; see Public Officers Law §§ 87[2]; 89[3]).
Here, the representations made by Caputi certifying that the SCTPVA had disclosed all of the documents in its possession responsive to the FOIL request and that no further documents could be found after a diligent search were sufficient to satisfy any obligation of the respondents under FOIL (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875; Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d 765, 767).
As the petitioner did not substantially prevail, he is not entitled to an award of attorneys' fees (see Public Officers Law § 89[4][c][i]).
The petitioner's remaining contentions are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court