Matter of Waldman v County of Rockland (2025 NY Slip Op 04908)

Matter of Waldman v County of Rockland

2025 NY Slip Op 04908

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-01795
 (Index No. 34476/22)

[*1]In the Matter of Tzvi Waldman, appellant,
v
County of Rockland, respondent.

Cory H. Morris (Guercio & Guercio, LLP, Farmingdale, NY [Anthony J. Fasano], of counsel), for appellant.
Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated January 23, 2024. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On July 15, 2022, the petitioner submitted a request pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) to the County of Rockland, seeking "[a]ll communications" during a specific time period between "the Rockland County Clerk's [O]ffice" and several specified entities or offices "regarding issuance of pistol permits and the removal of license restrictions."
Initially, the County denied the FOIL request on the ground that "responsive inter-agency and intra-agency records that are exempt from production have been withheld." Thereafter, the petitioner appealed the denial to the Records Access Appeals Officer in the Office of the County Executive. On August 29, 2022, the County denied the petitioner's appeal on different grounds, advising him that no records responsive to his request were found after performing "a new diligent search of emails and hard-copy documents using the search terms 'issuance of pistol permit' and 'removal of license restrictions and issuance of pistol permit'" and interviewing the Rockland County Clerk (hereinafter the County Clerk).
In October 2022, the petitioner commenced this proceeding, inter alia, pursuant to CPLR article 78 against the County to compel disclosure of the requested records pursuant to FOIL. By decision and order dated March 2, 2023, the Supreme Court determined that a "hearing [was] required regarding the diligence of the [County's] search." Thereafter, the County conducted a new search using "36 terms that were supplied by" the petitioner, which yielded documents that the County maintained were protected by the inter-agency exemption.
At the hearing, which was limited to the issue of whether there had been a diligent [*2]search, the County produced two witnesses, both of whom were attorneys for the County. Among other things, the evidence at the hearing revealed that the Rockland County Clerk's Office's Records Access Officer and the County Clerk had confirmed that no paper records responsive to the FOIL request existed and that a search of the County Clerk's emails had been performed at the request of one of the attorneys who testified at the hearing.
All of the documents retrieved as a result of the searches were submitted to the Supreme Court for review, and the court determined that all of these documents were exempt from disclosure under FOIL.
By judgment dated January 23, 2024, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals, contending that the County failed to perform a diligent search. The petitioner does not challenge the court's determination that the documents disclosed to the court and reviewed by the court were exempt from disclosure.
"When faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Breighner v Suffolk County, 237 AD3d 928, 930 [internal quotation marks omitted]; see Public Officers Law § 89[3][a]; Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875). Public Officers Law § 89(3) "does not specify the manner in which an agency must certify that documents cannot be located. Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (Matter of Rattley v New York City Police Dept., 96 NY2d at 875; see Public Officers Law § 89[3][a]; Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d 765, 766-767).
Here, contrary to the petitioner's contention, the County demonstrated that it had satisfied its obligations under FOIL by presenting testimony at the hearing that all potentially responsive documents had been disclosed and that the County had conducted a diligent search for all responsive documents (see Matter of Rattley v New York City Police Dept., 96 NY2d at 875; Matter of Breighner v Suffolk County, 237 AD3d at 930).
As the petitioner did not substantially prevail, he was not entitled to an award of attorneys' fees (see Public Officers Law § 89[4][c][i]; Matter of Breighner v Suffolk County, 237 AD3d at 930).
The petitioner's remaining contentions are without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court