Matter of Aron Law, PLLC v Town of Hempstead (2025 NY Slip Op 05519)

Matter of Aron Law, PLLC v Town of Hempstead

2025 NY Slip Op 05519

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.

VALERIE BRATHWAITE NELSON

CARL J. LANDICINO

LAURENCE L. LOVE, JJ.

2024-01263

(Index No. 609885/23)

[*1]In the Matter of Aron Law, PLLC, appellant,

v

Town of Hempstead, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron and Aviva Y. Horowitz of counsel), appellant pro se.

Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen L. Martir of counsel), for respondent.

DECISION & ORDER

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered January 23, 2024. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint and dismissed the proceeding/action.

ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the respondent/defendant's motion which was pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss so much of the petition/complaint as sought, in effect, to compel the production of certain records or, in the alternative, to certify that the respondent/defendant does not possess the requested records and that they could not be located after a diligent search, and an award of attorneys' fees and litigation costs, and dismissing those portions of the proceeding/action, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, those portions of the petition/complaint are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

In June 2022, the petitioner/plaintiff (hereinafter the petitioner) submitted a request to the respondent/defendant (hereinafter the respondent) pursuant to the Freedom of Information Law (FOIL) (Public Law Officers art 6) for the production of all FOIL appeals and determinations for the previous three years. The petitioner later amended the scope of its request to include the previous four years. On April 3, 2023, the respondent produced redacted copies of 54 appeals, only 3 of which were accompanied by determinations. The respondent did not articulate any basis for redacting the records. On April 20, 2023, the petitioner filed an administrative appeal seeking, inter alia, the disclosure of unredacted copies of the records and the unproduced determinations of the other 51 appeals. The respondent failed to respond to the administrative appeal.

In June 2023, the petitioner commenced this hybrid proceeding pursuant to CPLR [*2]article 78 against the respondent, inter alia, to compel the production of all records responsive to its request, for an award of attorneys' fees and litigation costs, and action for declaratory relief. The respondent moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint. In an order and judgment entered January 23, 2024, the Supreme Court granted the motion and dismissed the proceeding/action. The petitioner appeals.

"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d 765, 766 [internal quotation marks omitted]; see Matter of Russell v Town of Mount Pleasant, 227 AD3d 1083, 1084). "Thus, when faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Felici v Nassau County Off. of Consumer Affairs, 217 AD3d at 766 [alterations and internal quotation marks omitted]; see Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440-441; Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 117-118).

Here, the Supreme Court erred in dismissing so much of the petition/complaint as sought, in effect, to compel the production of all responsive records or, in the alternative, to certify that the respondent does not possess the requested records and that they could not be located after a diligent search. The respondent does not dispute that it failed to produce the determinations made in 51 of the 54 appeals that were identified in response to the petitioner's request. The respondent did not claim a specific exemption to disclosure in denying the petitioner's request for those determinations. Accordingly, the respondent was required to either produce those records or certify that it does not possess the requested records and that they could not be located after a diligent search (see Public Officers Law § 89[3][a]; Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d at 440-441; Matter of Baez v Brown, 124 AD3d 881, 884).

The Supreme Court also erred by determining that the respondent's redactions were permissible to prevent unwarranted invasions of personal privacy pursuant to Public Officers Law § 87(2)(b). In an administrative appeal of an agency's denial of access to records, the agency is required to "fully explain in writing . . . the reasons for further denial" (Public Officers Law § 89[4][a]). "[J]udicial review of an administrative determination is limited to the grounds invoked by the agency and the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [internal quotation marks omitted]). Here, the respondent failed to respond to the petitioner's administrative appeal, and failed to otherwise reference Public Officers Law § 87(2)(b) as a justification for the redactions. To provide the respondent the benefit of justifications it did not advance in the first instance "contravenes Court of Appeals precedent 'as well as the spirit and purpose of FOIL'" (Matter of McFadden v McDonald, 204 AD3d 672, 675, quoting Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 75). Accordingly, the respondent could not rely on Public Officers Law § 87(2)(b) in this proceeding/action (see Matter of Madeiros v New York

State Educ. Dept., 30 NY3d at 75).

However, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the cause of action for declaratory relief. Although the petitioner sought a judgment declaring, inter alia, that the respondent acted unlawfully by withholding certain documents, he was, in essence, seeking review of the respondent's determination. That issue is subject to review pursuant only to CPLR article 78 (see Matter of Wehr v Brown, 169 AD3d 807, 808; Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904).

"[S]ince the petition remains undetermined, the petitioner's request for an award of attorney's fees and litigation costs is premature" (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 127 [internal quotation marks omitted]; see Matter of Law Offs. of Cory H. Morris v Suffolk County, 216 AD3d 638, 641).

Accordingly, we modify the order and judgment, reinstate so much of the [*3]petition/complaint as sought, in effect, to compel the production of certain records or, in the alternative, to certify that the respondent does not possess the requested records and that they could not be located after a diligent search, and an award of attorneys' fees and litigation costs, and remit the matter to the Supreme Court, Nassau County, for a determination on the merits after the respondent serves and files its answer and, if necessary, completes the administrative record.

CHAMBERS J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court